CLAIR L. BEEBE *vs.* GEORGE WILKINSON.

July 6, 1883.

**Estoppel in Pais.**—In order to constitute an estoppel, it is not necessary that there should be an actual intention to mislead or deceive.

**Harmless Error in Charge.**—An instruction of the court in this case, which, as applied to the evidence, could not have misled the jury, though embracing an erroneous proposition, *held* error without prejudice.

Plaintiff brought this action, in the district court for Goodhue county, to recover the value of a stock of millinery goods, alleged to have been converted by defendant. The answer denies plaintiff's ownership, the value of the goods as alleged in the complaint and the conversion by defendant, and sets up title in defendant to the goods mentioned, and also to a larger stock of goods of the same character commingled with the former, acquired under a chattel mortgage given to defendant by one Maud Beebe, plaintiff's sister, who, at the time of making the mortgage, was the owner and was in possession of all said goods, claiming and representing herself to be the owner. The answer also alleges that, prior to the giving of the chattel mortgage, Maud Beebe was in business with the stock of goods claimed by plaintiff, in the city of Red Wing, and applied to defendant for assistance in enlarging and developing her business; that thereupon it was agreed between her and defendant that she should change her place of business, and occupy a store belonging to defendant, who would furnish her with means to increase her stock of goods, and who should be secured by a chattel mortgage upon her entire stock of goods, when the same was increased, for the repayment of the money advanced and for payment of rent; that thereupon defendant advanced to Maude Beebe certain sums of money, and she gave to defendant therefor her promissory note, and also a bill of sale of, and possession of, her stock of goods, as then made up, being the same claimed by plaintiff in this action; and that, subsequently, Maud Beebe having enlarged and increased her stock of goods by means of money and credit furnished by defendant, the defendant surrendered

to her possession of the goods acquired under the bill of sale, and took from her a chattel mortgage upon her entire stock, conditioned as had been agreed, under which mortgage defendant claims title. The answer also contains the allegations that plaintiff had full notice and knowledge of all these facts, and that "said defendant, with the knowledge and consent of both this plaintiff and said Maud Beebe, took possession of said stock," under the bill of sale, "and retained possession of the same until the making of the chattel mortgage." The reply alleges that the chattel mortgage, "if executed, was executed without his (plaintiff's) knowledge or consent, and without any authority whatever on the part of the said Maud to mortgage the same or any part thereof," and that plaintiff "for the first time learned or knew that said defendant claimed to have or hold a chattel mortgage on the same," at or about the time of the taking of said goods by plaintiff.

On the trial, before *McCluer*, J., and a jury, defendant testified that, at the time he took possession under his mortgage, an inventory of the goods was made, at his request, by his son and a clerk who had been in the employ of Maud Beebe. Upon the inventory being produced, he identified the handwriting as that of his son. The clerk who assisted in making the inventory testified that, in making the same, she measured and called off the goods to plaintiff's son, who wrote them down, and that Maud Beebe would then also give the cost price to plaintiff's son, and she identified the paper shown to her as the inventory thus made. Plaintiff's son, who wrote the inventory, was not present at the trial, having removed to Colorado. The inventory, having been offered in evidence, was, on plaintiff's objection, excluded. Other facts are stated in the opinion. The defendant appeals from an order refusing a new trial.

*O. M. Hall*, for appellant.

The charge of the court as to the doctrine of estoppel was erroneous. The jury must have inferred that there could be no estoppel of the plaintiff by his acts, unless they were done by him with the intention of deceiving or misleading the defendant. The court erred in emphasizing the idea that intent is a material and essential ingredient of an estoppel. While ordinarily true, it is not always so. Negligence in many cases is alone sufficient to estop a party, no mat-

ter what his intention may have been. *Combs* v. *Cooper*, 5 Minn. 200, (254;) *Pence* v. *Arbuckle*, 22 Minn. 417; *Coleman* v. *Pearce*, 26 Minn. 123; *Sutton* v. *Wood*, 27 Minn. 362; *Kinnear* v. *Mackey*, 85 Ill. 96; *Hogan* v. *City of Brooklyn*, 52 N. Y. 282; *Cont. Nat. Bank* v. *Nat. Bank of Com.*, 50 N. Y. 576; *Blair* v. *Wait*, 69 N. Y. 113; Broom's Legal Maxims, 288; Bigelow on Estoppel, 487–490; 2 Pomeroy's Eq. Jur. §§ 801–812, 817. Where there has been negligence from which one of two parties must suffer, he who is responsible for it must bear the loss. He is estopped from asserting a claim which, in effect, would operate as a fraud upon the other party. *Vanneter* v. *Crossman*, 42 Mich. 465; *Stebbins* v. *Walker*, 46 Mich. 5. In this action the main defence relied upon is that plaintiff conducted himself in such manner, and was guilty of such culpable negligence in asserting his ownership of this property, as to induce the defendant to treat with Maud Beebe as its owner. Whether or not he was guilty of such negligence, and whether it had such effect upon the defendant, were questions which should have been left to the jury to determine.

*J. C. McClure*, for respondent.

VANDERBURGH, J. Upon the issues made by the pleadings, there was sufficient evidence to support the verdict in plaintiff's favor. If the jury believed the evidence of plaintiff and Maud Beebe, his sister, who mortgaged the goods in question to defendant, they belonged to plaintiff, and there was no basis for an estoppel against him, growing out of his alleged admissions or conduct in the premises. The property, a stock of millinery goods, had been in the possession of Maud Beebe, with whom plaintiff resided. The evidence in defendant's behalf tended to show that he took the mortgage without notice of plaintiff's claim, and plaintiff actually consented to and acquiesced in the transfer, and, prior thereto, admitted and stated to defendant that he had no interest in the goods. This is denied by plaintiff, and Maud Beebe testified: "I always told the defendant that the old stock of goods belonged to the plaintiff. I told him so at our first meeting, and I told him how the stock came to be there;" and that defendant himself caused the mortgage to be prepared, including these goods, with other stock belonging to her, and persuaded her to sign it.

The court charged the jury, in substance, that if plaintiff, with knowledge of the facts and negotiations between the parties to the mortgage, purposely refrained from disclosing his interest, so as to influence defendant to advance money to his sister, or consented to or ratified the transfer, he could not recover; and also, at plaintiff's request, charged that "to create an estopped against plaintiff in this case, he must have clearly done or omitted to do some act, or made or omitted to make some declaration, which has influenced the conduct of the defendant; and the act, declaration, or omission must have been made to deceive or mislead the defendant." It may be admitted that this statement is incomplete and inaccurate as a definition of estoppel. *Pence* v. *Arbuckle*, 22 Minn. 417; *Coleman* v. *Pearce*, 26 Minn. 123; *Blair* v. *Wait*, 69 N. Y. 113. But, as applied to the evidence upon this branch of the case, this language could not have misled the jury. There could be no other reasonable inference, if the evidence introduced in defendant's behalf, touching the declarations and conduct of the plaintiff, were true, than that he intended to induce or permit defendant to buy or take a mortgage on the goods, in the belief that they were not his, but his sister's, so that defendant would be misled and defrauded, if plaintiff were afterwards permitted to assert a claim to the property in hostility to him. The question, therefore, was one of fact upon the evidence between the parties, which must have been found for plaintiff, and the error in the charge must be regarded as harmless.

The inventory offered in evidence by defendant was properly rejected. It was not offered as a memorandum to refresh the memory of a witness, nor was the proper foundation laid for its introduction as independent evidence of the amount and value of the goods in controversy. Its accuracy was not properly verified, and it does not appear that the witnesses might not have testified from memory, without the aid of the paper. *Stickney* v. *Bronson*, 5 Minn. 172, (215;) *Newell* v. *Houlton*, 22 Minn. 19; *Gould* v. *Conway*, 59 Barb. 355.

There was some evidence offered tending to show that one Barron had some interest in the property, but the court properly ruled that, as the question of a defect of parties was not raised by the pleadings, it was waived.

Upon the question of damages the court committed no error in its charge. It stated the correct rule to be, not what the goods were worth to the witnesses, but their market value at the time defendant took them, and left the evidence on the subject fairly to the jury.

Order affirmed.