JOHN L. HODGE *vs.* JOHN LUDLUM.

January 20, 1891.

Estoppel—Representations Made to Third Person.—To entitle a party to claim that another is estopped by his representations, the representations must have been made to him, or they must have been of such a character, and made under such circumstances, that the party making them must be taken to have contemplated that they would be communicated to and acted on by him.

Same—Findings Insufficient.—Findings of fact *held* insufficient in this particular.

Practice—Requisites of Findings of Fact.—The findings must in themselves be sufficient to support the judgment. The evidence cannot be resorted to to supplement them.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial after a trial by the court and judgment of $360 ordered for plaintiff.

*Gilger & Harrison,* for appellant.

*R. A. Daly* and *Frank R. Hubachek,* for respondent.

MITCHELL, J.[1] The complaint states two causes of action, the first a promissory note executed by the "New York Pie Company" to the plaintiff, and the second a bank check drawn by the same

---

[1] Vanderburgh, J., took no part in this case.

party in favor of one Thompson, and by him indorsed and transferred to the plaintiff. There can be no doubt, we think, under the evidence, that both were the valid and binding obligations of the pie company, whoever that might be. The allegation of the complaint was that the defendant was the person carrying on business under that name, and hence that the papers sued on were his obligations. This was denied by the answer. Upon the trial the plaintiff sought to maintain his right to recover upon two grounds, to wit: (1) That defendant was in fact the proprietor of the business carried on under the name referred to; (2) but even if he was not, yet he was estopped by his own conduct from denying the fact. The court found against the plaintiff on the first ground, the finding being that it was one White, and not defendant, who carried on business under that name. Upon the second the findings of the court were "that at various times (prior to the execution of the obligations sued on) the defendant stated to different persons that he was the owner and proprietor of the said business above described, and that said White was managing the same for him; that prior to said date [the date of these obligations] said statements came to the knowledge of plaintiff and Thompson, and that they believed them to be true; that, believing that defendant was the owner of the business, and relying on his credit, plaintiff loaned to White $285 for the benefit of such business, in consideration of which White, in behalf of the pie company, executed to plaintiff the note in suit; that said Thompson, believing that defendant was the owner of the business, and relying on his credit, loaned $75 to White, who, for the purpose of repaying said loan, executed and delivered to Thompson the check sued on."

It is a familiar rule that the findings of fact must in themselves be sufficient to support a judgment. The evidence cannot be resorted to to supplement insufficient findings. The findings in this case, which are the evidence rather than the ultimate facts, are clearly insufficient to establish an estoppel. They do not show to whom or under what circumstances the statements were made, or under what circumstances communicated to the plaintiff and Thompson. We take it that the rule is that, to entitle a party to claim that another is estopped by his representations, they must have been made to him, or they must

have been of such a character, and made under such circumstances, that the party making them must be taken to have contemplated that they would be communicated to and acted on by him, in which case they will be considered as addressed generally to all who may have occasion to act on them. As to who may act on a representation Bigelow states the rule to be that "only the persons intended may do so; but the representation may be intended for a particular individual alone, or for several, or for the public, or for any one of a particular class, or it may be made to A to be communicated to B. Any one so intended by the party making the representation will be entitled to relief or redress against him by acting upon the representation to his damage." Bigelow, Fraud, 545; Bates, Partn. § 90; *Pence* v. *Arbuckle*, 22 Minn. 417; *Swift* v. *Winterbotham*, L. R. 8 Q. B. 244. For example, a private or confidential statement to one person, if overheard by or communicated to another, would work no estoppel, while a statement made to a bank or commercial agency, of whom customers are in the habit of inquiring as to the responsibility and standing of business establishments, would ordinarily be taken as intended for all such customers to whom they might be communicated. So again, a man might make a statement so publicly and so repeatedly that he would be deemed as intending it for the public, and to be acted on by any one. Whether the statement made by defendant would work an estoppel against him in favor of plaintiff would depend on the circumstances, which are not disclosed in the findings.

But even if the findings could be held sufficient, the evidence would not support them. It may be that the evidence discloses enough communicated to Thompson to work an estoppel in his favor, in which case plaintiff, as his assignee, could claim the benefit of it so far as the check is concerned. But this would not tend to establish any estoppel as to the other cause of action—on the note,—and we fail to find any evidence that any of defendant's statements were ever communicated to plaintiff, unless it be the very equivocal testimony of Thompson that on one occasion he told plaintiff that the New York Pie Company was sound; that "R. G. Dun had reported about it." There is evidence from which the court might perhaps have found that on one occasion the defendant stated to plaintiff, personally,

that he was the proprietor of this business, but there is no finding on the matter, and, as the findings made are not in any way predicated upon this evidence, it is unnecessary to consider it.

Order reversed.