## John W. Stevens *vs.* John Ludlum.

### May 11, 1891.

**Estoppel in Pais—Requisites—Representation to Third Person.**—To constitute an estoppel *in pais*, an actual fraudulent intent in making the representation is not necessary. It is enough that the person making it knows, or ought to know, the truth; that he intends, or might reasonably anticipate, that the person to whom it is made, or to whom it is to be communicated, will rely and act on it as true; and that the latter has relied and acted on it, so that to permit the former to deny its truth will operate as a fraud.

**Same—Trader's Statement to Commercial Agency.**—One making representations, relating to his business, to a commercial agency, may be estopped as to his patrons to whom it communicates such representations; as where defendant so represented that he was the owner of a business concern known as the "New York Pie Company," and that representation was communicated by the agency to plaintiff, one of its patrons.

Action brought in the municipal court of Minneapolis, the complaint alleging that defendant was engaged in business under the name of the "New York Pie Company," and that on December 20, 1889, plaintiff drew a bill of exchange for $100 upon defendant under that name, which was on the same day accepted by him, the acceptance being signed, "New York Pie Company, E. J. White, Mgr." The answer was a general denial. At the trial, (before the court, without a jury,) there was evidence tending to prove, and the court found, among other things, that the bill was drawn for the price of goods sold and delivered by plaintiff; that the goods were ordered by White in the name of the pie company and, before delivering them, the plaintiff made inquiry at Bradstreet's and at Dun's commercial agencies, (to which he was a subscriber,) and was informed that the defendant was the proprietor of the business carried on in that name, and he relied on this information in making the sale; and that the information so given by the agencies had been received by them from defendant. Judgment was ordered for plaintiff, and the defendant appeals from an order refusing a new trial.

*Gilger & Harrison,* for appellant.

*Hubachek & Daly,* for respondent.

GILFILLAN, C. J. The facts found by the court below are sufficient to create an equitable estoppel against defendant as to the ownership of the concern doing business as the "New York Pie Company." To raise such an estoppel, it is not necessary that the representations should have been made with actual fraudulent intent. If he knows or ought to know the truth, and they are intentionally made under such circumstances as show that the party making them intended, or might reasonably have anticipated, that the party to whom they are made, or to whom they are to be communicated, will rely and act on them as true, and the latter has so relied and acted on them, so that to permit the former to deny their truth will operate as a fraud, the former is, in order to prevent the fraud, estopped to deny their truth. *Coleman* v. *Pearce,* 26 Minn. 123, (1 N. W. Rep. 846;) *Beebe* v. *Wilkinson,* 30 Minn. 548, (16 N. W. Rep. 450.) Nor need the representations be made directly to the party acting on them. It is enough if they were made to another, and intended or expected to be communicated as the representations of the party making them to the party acting on them, for him to rely and act on. "The representation may be intended for a particular individual alone, or for several, or for the public, or for any one of a particular class, or it may be made to A., to be communicated to B. Any one so intended by the party making the representation will be entitled to relief or redress against him, by acting on the representation to his damage." Bigelow, Fraud, 445. If one act on a representation not made to nor intended for him, he will do so at his own risk. An instance of a right to act on a representation not made directly to the person acting on it, but intended for him if he had occasion to act on it, is furnished by *Pence* v. *Arbuckle,* 22 Minn. 417. The representations a business man makes to a bank or commercial agency, especially to the latter, relating to his business or to his pecuniary responsibility, are among those expected to be communicated to others for them to act on. The business of a commercial agency is to get such information as it can relative to the business and pecuniary ability of business men and business concerns, and commu-

nicate it to such of its patrons as may have occasion to apply for it. Any one making representations to such an agency, relating to his business or the business of any concern with which he is connected, must know, must be held to intend, that whatever he so represents will be communicated by the agency to any patron who may have occasion to inquire. His representations are intended as much for the patrons of the agency, and for them to act on, as for the agency itself. When the representations so made are communicated, as those of the person making them, to a patron of the agency, and he relies and acts on them, he is in position to claim an estoppel.

The findings of fact in the case are fully sustained by the evidence.

Order affirmed.