(Opinion published 51 N. W. Rep. 1043.)

---

IRISH-AMERICAN BANK *vs.* JOHN LUDLUM.     (Second Case.)

Argued Dec. 7, 1891.   Decided April 7, 1892.

Estoppel—Who Entitled to Benefit of.—The right of the patrons of a commercial agency to claim an estoppel, as against a person who has made statements and representations to such agency relating to his own business affairs or the affairs of any concern with which he is connected, is not general, but is limited and confined to the parties for whom such statements and representations were intended when made, namely, those patrons who have occasion to apply, and who have applied and received a report relative to the person or concern in question.

ON REARGUMENT.

April 25, 189ᵓ.

Sa ne—Exception.—If the patron who applied for and received the report
was thereby induced to lend money, and accept the note of the person
who made the statements, and if the lender afterwards transfer the note,
the indorsee will also be entitled to the estoppel.

Appeal by defendant, John Ludlum, from an order of the District
Court of Hennepin County, *Hooker*, J., made July 21, 1891, refusing
him a new trial.

Action brought by the Irish-American Bank of Minneapolis upon
two promissory notes, signed "New York Pie Company, by E. J.
White, Manager," payable to the order of A. P. Thompson, and by
him indorsed to the bank before maturity. The facts in this case
are substantially as stated in the action on two other notes, reported,
*ante*, p. 255, and to which reference is here made to save repetition.
See, also, *Hodge* v. *Ludlum*, 45 Minn. 290, and *Stevens* v. *Ludlum*,
46 Minn. 160. This action was tried February 3, 1891.

Mr. Thompson, the payee in the notes, was a witness for plaintiff,
and stated that he was manager of a wholesale cigar business at
Minneapolis in 1889, and in August of that year was a subscriber
to the commercial agency of R. G. Dun & Co., and called for and re-
ceived from it a report upon the New York Pie Company; that he
had lost this report; that he had made diligent search, and could
not find it, but could state its substance. Plaintiff then asked him
to state to the jury the contents of it. To this defendant objected
as incompetent, on the ground that the report itself was but the
statement by R. G. Dun & Co. of what defendant said to their agent,
and would not be admissible evidence if produced. The court over-
ruled the objection, and defendant excepted to the ruling, and the
witness stated in evidence the contents of the report, and also testi-
fied that he told its contents to Mr. Gould, the plaintiff's cashier,
before he sold to it the notes in suit. Mr. Gould was also a witness
for plaintiff, and testified that Thompson told him the contents of
R. G. Dun & Co.'s report before selling these notes to the bank.

The jury returned a verdict for plaintiff for $1,172.28, the amount of the two notes. The defendant moved for a new trial for errors of law occurring at the trial. This was refused, and he appealed. The facts regarding the estoppel are not particularly stated here, as by the decision on reargument the case did not turn on that question, but on the ruling admitting in evidence the statement made by R. G. Dun & Co.

*Gilger & Harrison*, for appellant.

The court erred in allowing Thompson to testify as to the contents of the report which he received from R. G. Dun & Co. No rule is better settled than that the best evidence of a transaction must be furnished.

Their clerk Allen, to whom defendant made his statement, should have been called instead, and asked to state what the defendant said when he visited him and got his statement of his business and financial standing. Clearly, unless this report received by Thompson was based upon this interview by Allen, and was a correct statement in substance of what defendant said to Allen, it was not receivable in evidence; and, if it were correct, it was but hearsay.

*Rea & Hubachek*, for respondent.

Defendant stated to Allen, the reporter of R. G. Dun & Co.'s mercantile agency, that he was the New York Pie Company, and that White was his manager, and this reporter carried back the information, and put it on record for their subscribers. The defendant knew who the reporter was, and knew the object of his inquiries. Thompson was a subscriber of R. G. Dun & Co., and the bank was also. Thompson called on R. G. Dun & Co. for a report on the New York Pie Company, in August, 1889, and received one containing the statements previously made by defendant to Allen, the reporter. Before discounting these notes plaintiff was told by Thompson the contents of the report he had received from R. G. Dun & Co.

Thompson and the bank each relied upon the information which

they had received from the report of the mercantile agency, and believed that Ludlum was the Pie Company, and extended credit to him in taking the notes in suit. There was no error, and especially no prejudicial error, in receiving evidence of all this.

COLLINS, J. There was no error in the ruling of the trial court when admitting in evidence the statements and representations alleged to have been made by defendant in the summer of 1889 to the employe of a commercial agency, when he called upon him for the expressed and avowed purpose of inquiring into the affairs of the New York Pie Company, and learning, for the use of the patrons of the agency, who the person engaged in business under that name was, his financial standing, and pecuniary responsibility.

Testimony as to what defendant then stated was properly received as in the nature of admissions by defendant that he was the company, as plaintiff asserted. But the court below went a step further than this. The employe made a full report in writing of his interview with defendant, and this was duly placed on file at headquarters, for use should any of the patrons of the agency, among whom were plaintiff bank and Thompson, the payee and indorser of the notes in dispute, call for a report on the Pie Company.

Plaintiff did not call for a report, but Thompson did, the same being furnished in writing some few months prior to the execution and delivery of the notes to him, and in this report there was embodied, evidently, the substance of the testimony referred to as in the nature of admissions of the defendant. The report so furnished had been lost, but, against objection, plaintiff was permitted to prove its contents by Thompson, and also to show by him that before the notes were turned over to the bank he had informed its cashier, Gould, of the nature and contents of said report. Later, upon the examination of the cashier as a witness, and also under objection, he was allowed to testify that before receiving the notes he had been informed by Thompson of the nature and contents of the report from the agency, and believed and relied upon it when accepting them. This class of testimony should have been excluded as immaterial and incompetent. It was admitted, undoubtedly, with a view to creating an

equitable estoppel as against defendant, under the rule laid down in *Stevens* v. *Ludlum*, 46 Minn. 160, (48 N. W. Rep. 771,) wherein it was said that as the business of a commercial agency is to procure such information as it can relative to the business and pecuniary ability of business men and concerns, and to communicate the same to such of its patrons as might have occasion to inquire, any one making statements or representations to such an agency relating to his business, or that of any concern with which he is connected, must know, or must be held to intend, that whatever he so states or represents will be communicated by the agency to any patron who may have occasion to apply for information. Such statements and representations are intended as much for the patrons as for the agency, and when communicated, as those of the party making them, to a patron, who relies and acts on them, he is in a position to claim an estoppel. Being intended for a particular class of persons,—the patrons of the agency,—they will be entitled to relief and redress when they rely and act on the statements and representations to their injury. But the right to rely and act thereon is not general or common to all persons who may have patronized the agency. It must be limited and confined to the persons for whom such statements and representations are intended, namely, those who have occasion to apply, and who have applied and received a report relative to the party or concern in question. These are the patrons, and are the parties who have the right to rely and act upon the statements and representations as those of the persons making them.

(As testimony which might have entitled Thompson to claim an estoppel as against the defendant was immaterial on the trial of this action, it should not have been received; and, as plaintiff bank was not a patron to whom, as such, the commercial agency had made a report containing or based upon statements or representations made by defendant in respect to the business affairs of the pie company and his connection with it, the testimony as to the communication of the contents of the commercial report to the cashier by Thompson should have been held inadmissible.)

Order reversed.

ON REHEARING.

April 25, 1892.

PER CURIAM. Upon filing a petition for a rehearing in the above case it is argued that, as plaintiff corporation is entitled to the benefit of any estoppel which can be claimed by Thompson as against Ludlum, it was competent and material for it to show on the trial that Thompson called for, received, and, when taking the notes in question, relied upon, the report from the commercial agency; and to show the contents of the report. This view was not alluded to in the brief or upon the oral argument heretofore made by counsel, and did not occur to the writer of the foregoing opinion, although suggested in *Hodge* v. *Ludlum*, 45 Minn. 290, (47 N. W. Rep. 805.) The correctness of the position now taken with reference to testimony as to the report received and relied on by Thompson cannot well be questioned, for the doctrine of privity has an assured place in the law of equitable estoppel, and the last paragraph in the foregoing opinion should be expunged. But we adhere to the views already expressed concerning the testimony of Thompson and the cashier Gould as to what was told the latter by the former in regard to the report from the agency.

Motion for reargument denied, as the result would be unchanged.

(Opinion published 51 N. W. Rep. 1046.)