**UNITED STATES, for Use and Benefit of NOLAND CO., Inc., v. WOOD et al.**

No. 4342.

Circuit Court of Appeals, Fourth Circuit.

Oct. 4, 1938.

John Strickler, of Roanoke, Va., and Phillip W. Murray, of Newport News, Va., for appellant.

Harvey B. Apperson, of Salem, Va., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law instituted in April, 1937, by notice of motion for judgment, in the District Court of the United States for the Western District of Virginia, at Roanoke, by the appellant Noland Company, a Virginia Corporation, here referred to as the plaintiff, against Daniel C. Wood, Paul A. Wood and John D. Wood, partners, trading as the Wood Construction Company, here referred to as the defendant, and the National Surety Corporation, a New York Corporation. The object of the action was to recover the sum of $2,405.83, with interest, alleged to be due the plaintiff for materials furnished and used in the construction of a United States Post Office Building at Galax, Virginia, for the erection of which building the defendant was the contractor and the surety company the defendant's bondsman.

The defendant filed an answer, which answer was adopted by the Surety Company and a trial was had before a jury in January, 1938, at which witnesses were examined and evidence was offered on behalf of both the plaintiff and the defendant. At the conclusion of the trial, the court directed a verdict for the plaintiff for $1,-304.53, with interest, the amount the defendant admitted was due the plaintiff and an order was entered giving the plaintiff judgment for the amount fixed in the verdict. From this action the plaintiff brought this appeal.

In March, 1935, the United States entered into a contract with the defendant for the construction of a post office building at Galax, Virginia, at the contract price of $34,969. The National Surety Corporation became surety on the contractor's bond. At the trial below it was stated, and not controverted, that the defendant was solvent and would pay any judgment that might be recovered against it in this action and that, therefore, the bonding company was only a nominal party defendant.

Upon learning that the defendant had secured the contract for the erection of the Galax post office building, one Baldwin, a representative of the plaintiff, requested the defendant to give the plumbing and heating contract to E. R. Stallings and W. B. Sheffield, partners, trading as the Shenandoah Plumbing & Heating Company. Stallings and Sheffield were practical plumbers who personally worked on the contracts in which they were engaged and were, at that time, indebted to the plaintiff. After various representations, as to which there is some conflict in the evidence, a three-party agreement was entered into between the Shenandoah Company, the defendant and the plaintiff which reads as follows:

"This agreement made and entered into this the 3rd day of July, 1935, by and between E. R. Stallings and W. B. Sheffield, trading as Shenandoah Plumbing and Heating Company, party of the first part, Daniel C. Wood, Paul A. Wood, and John D. Wood, trading as Wood Construction Company, party of the second part, and Noland Company, Incorporated, party of the third part; witnesseth

"In consideration of the present existing indebtedness hereinafter set forth and in consideration of Noland Company, Inc., agreeing to extend credit to the party of the first part as hereinafter stated, it is agreed between the parties hereto as follows: (1) The party of the second part agrees that on all existing and future contracts for plumbing and heating made by the party of the first and second part, the said party of the second part will supervise all pay rolls payable by the party of the first part and in making advancements to the party of the first part will pay such amounts only as shall have been earned by the workmen on this specific job to which they will be charged and from which job said amount is accruing. (2) It is further understood and agreed between the parties hereto that the party of the second part will not advance any sum of money at any time to the Shenandoah Plumbing and Heating Company other than pay rolls unless such advancement shall be approved by the Manager or Credit Manager of Noland Company, Inc. (3) It is further understood and agreed between the parties hereto that upon the completion of any contract now in existence between the parties of the first and second part or upon the completion of any contract in the future, the balance due on such contract or contracts, together with all extras which may accumulate in connection therewith, shall be paid to Noland Company, Inc., until such time as it shall have received payment in full of their account with the party of the first part, which amounts to $3,766.07 as of June 1, 1935.

"The party of the first part does hereby assign and transfer to the party of the second part the aforesaid sums of money or payments for the purposes herein out

lined and does hereby consent to the above provisions and requests and directs the party of the second part to carry out the provisions of this agreement.

"In testimony whereof witness the signatures and seals of the following parties.
"(Signed)     Shenandoah    Plumbing    and
            Heating Co.,
    "By E. R. Stallings,            (Seal)
    "Wood Construction Company,
    "By Paul A. Wood,               (Seal)
    "Noland Company, Incorporated,
    "By B. Baldwin,                 (Seal)."

The sub-contract was undertaken by the Shenandoah Company for the installation of the plumbing and heating system in the post office building in question at the price of $3,400. Evidence introduced on behalf of the defendant was to the effect that Baldwin, representing the plaintiff company, urged the Shenandoah Company to accept the contract at the price agreed upon by the defendant and represented that the plaintiff would sell the materials at such prices as would permit the Shenandoah Company to make some money on the project.

The plaintiff sold the Shenandoah Company materials and supplies for use in the construction of the building. The price of these amounted to $2,759.88 on which was paid $359, leaving the balance sued for. The Shenandoah Company lost money on the contract and, at the price agreed on, the defendant, after paying for labor and other small amounts which the plaintiff had approved, such as freight etc., only owed the Shenandoah Company the sum of $1,404.53, which amount it expressed a willingness to pay and for which amount the court directed a verdict for the plaintiff. The controversy here is over the difference between this amount and the sum claimed by the plaintiff as due it and unpaid.

The sole question involved on the appeal is whether the plaintiff can recover under the Heard Act, 40 U.S.C.A. § 270, which Act allows recovery on the bond of one contracting with the United States Government, for materials furnished and used, or whether the rights of the plaintiff are limited by the express terms of the contract.

It is contended on behalf of the plaintiff that there was nothing in the terms of the three-way agreement that could be construed as a waiver of plaintiff's rights under the Heard Act or that estopped the plaintiff from claiming any rights it might have under the Act.

An examination of the three-way agreement shows that other contracts were included in addition to the Galax post office building and that there was also contemplated a continuance of the relationship created by the Noland Company, the Shenandoah Plumbing Company and the Wood Construction Company until the plaintiff should have received payment in full of a bad debt due it from the Shenandoah Company. Under the agreement the plaintiff was to receive not only pay for the materials furnished on the Galax post office building, within the limit of the sub-contract price, but also all profit that the sub-contractor would make on the contract. In the agreement all payments due the sub-contractor were assigned to the plaintiff.

It is not denied that the defendant scrupulously performed all its undertakings under this agreement and did things such as keeping the pay rolls of the sub-contractor, which it would not have done except for the agreement.

It is also evident that the plaintiff was not willing to furnish the materials for the project in the usual way but entered into the agreement, which it undoubtedly inspired, with the hope of collecting a bad debt from the Shenandoah Company. Without deciding the question whether the three-way agreement constitutes a waiver of plaintiff's rights under the Heard Act, we are of the opinion that under the agreement the plaintiff is estopped from claiming any rights other than those given by the contract, which the defendant has complied with.

The doctrine of equitable estoppel is universally recognized by the courts. This doctrine can be applied in actions under the Heard Act. U. S. v. American Bonding & Trust Company, 4 Cir., 89 F. 925, cited with approval in United States Fidelity & Guaranty Company v. United States, 191 U.S. 416, 24 S.Ct. 142, 48 L.Ed. 242. To establish equitable estoppel it is not necessary that actual fraud be shown. It is only necessary to show that the person estopped, by his statements or conduct, misled another to his prejudice. Stevens v. Ludlum, 46 Minn. 160, 48 N.W. 771, 13 L.R.A. 270 and note, 24 Am.St.Rep. 210. As we said in Kansas City Marble & Tile Company v. Penker Construction Company et al., 4 Cir., 86 F.2d 287, 288:

"And we agree with the judge below that petitioner is estopped from asserting a claim against the bond for the materials furnished, since it is clear that petitioner intended by the execution of the waiver to assure the general contractor that petitioner would assert no claim against him for materials furnished * * *."

The same rule with respect to equitable estoppel is laid down by the highest court of Virginia. If one acts on the faith of another's position the latter is estopped from taking a different position to the detriment of the former. Moyers Coal Corporation v. Whited, 157 Va. 302, 160 S.E. 43. See, also, School Board of Carroll County v. Bank, 161 Va. 127, 170 S.E. 625. Parties inducing another to act on reasonable belief that they have waived or will waive certain rights will be estopped to insist on them to his prejudice. Big Vein Pocahontas Coal Company v. Browning, 137 Va. 34, 120 S.E. 247. And estoppel may be predicated on representations not made with fraudulent intent, if they are of such a character as to induce a reasonably prudent man to believe that they were intended to be acted upon. American Mutual Liability Ins. Company v. Hamilton, 145 Va. 391, 135 S.E. 21; Richmond Trust Company v. Christian, 150 Va. 244, 142 S.E. 528.

There can be no doubt that because of the three-party agreement the defendant handled the heating and plumbing sub-contract in an entirely different way than that in which it would otherwise have been handled. The defendant required no bond from the Shenandoah Company as sub-contractors. A bond would have protected the defendant from the very liability sought to be imposed here.

Here the defendant had every reason to believe that the plaintiff would abide by the terms of the three-party agreement and the plaintiff knew the details of the sub-contract entered into between the defendant and the Shenandoah Company and accepted payment under another contract for a profit made by the sub-contractor over and above the price of materials it had furnished. The fact that the contract here in question resulted in a loss to the sub-contractor does not change the situation and the plaintiff is estopped from claiming any benefit other than that accruing to it under the three-way contract. The judgment of the court below is affirmed.

Affirmed.