## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Covington Properties
of Lynchburg, Inc.

v.

G. C. Murphy Co., Inc.

### February 25, 1987

By JUDGE RICHARD S. MILLER

This suit was brought by Covington Properties of Lynchburg, Inc., against G. C. Murphy Company, Inc., to make a binding adjudication of rights under its lease with Murphy, to enjoin Murphy from instituting any judicial proceeding to halt or impair the construction of a store by Rose's Department Stores, Inc., in the Plaza Shopping Center and asking that this Court decree that such construction does not constitute a violation of the lease, particularly under section 22 of that document which contains a restriction that, "Lessor. . . will not. . . lease. . . any store to any other chain, variety or 5 & 10 cent store carrying on or conducting a business similar to the type of business carried on or conducted by Murphy."

Covington says (a) that section 22 is not applicable to the construction of the store by Rose's; (b) that Murphy has waived any right to enforce section 22: (c) that Murphy is equitably estopped from legally complaining about the construction of the store; (d) construction of the store does not constitute a violation of section 22 and (e) the enforcement of section 22 is contrary to the public policy of the State of Virginia.

Restrictions of covenants in leases on the use of landlord's or lessor's other premises are enforceable and valid against various objections including the objections that they are in unlawful restraint of trade

or against public policy. See discussion in 49 Am. Jur. 2d, *Landlord and Tenant*, § 162, also in 97 A.L.R.2d 1. However, such restrictions, being in restraint of trade, are not favored in the law and must be strictly construed against the party who seeks to enforce the restriction. *Marks v. Wingfield*, 229 Va. 573, 331 S.E.2d 463 (1985).

I rule that section 22 of the subject lease (referred to throughout the trial of the case and transcript as paragraph 22), strictly construed, is not violated by the construction of Rose's Store at the Plaza.

I find that Covington has shown by its evidence that there is a substantial and recognized distinction in the retail service business in what constitutes a variety store and what constitutes a discount store. The subject lease itself, under section 22 recognizes such a distinction. I find further, that within this distinction Rose's is a discount store and not a variety store, and that this would not be a business similar to G. C. Murphy. I find further that G. C. Murphy is a variety store.

The necessary elements of equitable estoppel in Virginia are "representation, reliance, a change of position and detriment," *T. v. T.*, 216 Va. 867, 224 S.E.2d 148 (1976), *Lataif v. Com. Indus. Const., Inc.*, 223 Va. 59, 286 S.E.2d 159 (1982). It is said that, where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies or objections which he is entitled to assert, he will be estopped to insist upon such rights, remedies or objections to the prejudice of the one misled. Equitable estoppel is a well-established concept invoked by courts to aid a party who, in good faith, has relied, to his detriment, upon the representations of another. *United States ex rel. Humble Oil & Ref. Co. v. Fidelity & Cas. Co.*, 402 F.2d 893 (4th Cir. 1968); *United States ex rel. Noland Co. v. Wood*, 99 F.2d 80 (4th Cir. 1938).

I further rule that G. C. Murphy is equitably estopped by its statements and conduct to legally complain about the construction of Rose's Department Store at the Plaza and that Covington has proved all of the elements necessary to establish an equitable estoppel under Virginia law.

I find from the evidence that prior to the purchase of the Plaza by Covington, when Mr. L. F. Morlock, Jr., director of real estate for G. C. Murphy, was asked by Mr. Covington to waive or release the provisions of section

22, he told Mr. Covington that he had had this request before and it was his company's policy not to waive it but that it was also company policy not to enforce it. (Tr. p. 32, lines 2-16). In effect, he represented to Covington that G. C. Murphy would do nothing to enforce section 22 knowing that Covington wanted to bring in a store such as Rose's to revitalize the shopping center. Later, in October 1981, relying upon this, Covington purchased the Plaza and within a year began extensive and costly renovations. Development of the Plaza has continued, including, of course, the present construction of Rose's. Then, by its letter of June 11, 1986, G. C. Murphy threatened legal action against Covington because of Covington's contract with Rose's.

Counsel for the plaintiff should prepare and submit for entry a decree in keeping with the foregoing rulings.