**In Re Lucille Pulley VICK, Debtor.**

**David R. LEVIN, Trustee of Lucille Pulley Vick,**

v.

**FEDERAL LAND BANK OF BALTIMORE, Federal Land Bank Association Production Credit Association, and Southside Virginia Production Credit Association.**

**Bankruptcy No. 82–00733–N.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

July 10, 1987.

David R. Levin, Chapter 13 Trustee.

Carl E. Eason, Jr., Pretlow, Eason & Pretlow, Suffolk, Va., for creditors.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes before the Court by motion of the Chapter 13 Trustee filed on April 15, 1987, for refund of overpayments made to several creditors pursuant to the Chapter 13 plan. The facts appear as follows.

Five years ago, on May 26, 1982, the Chapter 13 trustee dispersed payments by check to the following creditors: (1) Federal Land Bank of Baltimore in the sum of $2,629.01; (2) Federal Land Bank Association Production Credit Association in the sum of $2,767.38; and (3) Southside Virginia Production Credit Association in the sum of $138.36.[1] Mary Ann Bailey, an employee of the Chapter 13 trustee, testified that duplicate payments to each creditor were made—one by handwritten check and another by computer disbursement. The trustee now seeks to recover the amounts of the second payments made to each of the creditors.

The creditors allege that they unknowingly and detrimentally relied on the trustee's payments and object to his recovery of the funds. Each creditor had previously obtained a deed of trust secured by the debtor's residence and all payments made by the Chapter 13 trustee during the plan were credited against the balance owing on the notes. Prior to the trustee's filing for refund, the debtor sold her residence and paid off all remaining balances owed on the deeds of trust with the proceeds. However, the balance on each note had been decreased by the payments received from the Trustee. The creditors subsequently marked the notes as paid in full and released the deeds of trust.

The creditors argue that if the trustee were permitted to recover these funds, they would be unable to thereafter collect from the debtor, the deed of trust no longer existing. The creditors feel that they should not be penalized for the mistakes of

---

1. Counsel represented to the Bankruptcy Court by letter dated July 22, 1982, that several proof of claims had incorrectly stated the three entities paid by the trustee. In actuality, only two companies are in existence: Federal Land Bank of Baltimore and Southside Virginia Production Credit Association.

the trustee and he should be estopped from recovering any of the monies. They detrimentally relied in good faith on the overpayments made by the trustee and should not be required to return the funds five years later. Accordingly, the creditors ask that the trustee's motion for refund be denied.

### Conclusions of Law

Counsel for the creditors argues that the trustee should be "equitably estopped" from obtaining a refund for the amount of the overpayments.

The Doctrine of Equitable Estoppel is a well-established remedy which "aids a party who, in good faith, has relied, to his detriment, upon the representations of another." *United States v. Fidelity & Casualty Co. of New York*, 402 F.2d 893, 897 (4th Cir.1968). The Fourth Circuit Court of Appeals has established the elements necessary to prove equitable estoppel: (1) The party estopped made a representation by his statements or conduct; (2) a second party relied on the representation; and (3) the second party, in good faith, detrimentally changed his position based on the representation. *United States For Use and Benefit of Noland Co. v. Wood*, 99 F.2d 80, 82 (4th Cir.1938); *Barry v. Donnelly*, 781 F.2d 1040 (4th Cir.1986). The law is clear in this Circuit that it is not necessary to prove actual fraudulent intent. Rather, it is only necessary to show that "the person to be estopped has misled another to his prejudice." *Wood*, 99 F.2d at 82 (4th Cir.1938). "Estoppel focuses not on the intent of the party, but on the effects of his conduct upon the other party, for even if he has not waived a known right he may be estopped from enforcing it." *Beneficial Finance Co. of Va. v. Lazrovitch*, 47 B.R. 358 (E.D.Va.1983).

The trustee erred in submitting double payments to the stated creditors under the Chapter 13 plan. The creditors accepted the overpayments in good faith and relied on the trustee's representation that the payments were properly due. As a result of the trustee's action, the creditors changed their relationships with the debtor to their detriment. Believing the payments to have been properly paid, the creditors reduced the balances on each of their accounts. Upon the sale of the debtor's residence, a total and complete release of any present or future obligations on the notes was granted to the debtor. The creditors had no reason to suspect that the monies paid by the trustee might later be recovered. Refund of the overpayments five years later would injure the truly innocent parties in the transaction, the creditors. The fact that the trustee acted without fraudulent intent is immaterial. The Doctrine of Equitable Estoppel rests on the principle that when one of two innocent parties must suffer a loss, it must be borne by the party whose action or conduct rendered the injury possible. *Wheeling v. John F. Casey Co.*, 74 F.2d 794 (4th Cir. 1935). The error lies in the hands of the trustee; therefore, so must the ultimate loss.

Accordingly, it is

ORDERED, ADJUDGED and DECREED

that the motion of the Chapter 13 trustee for a refund is denied.