(Opinion published 56 N. W. Rep. 593.)

---

## WALLACE W. WETMORE vs. DAVID ROYAL et al.

Argued Oct. 17, 1893.   Reversed Oct. 27, 1893.

No. 8300.

Incorrect lien statement will not be reformed so as to prejudice a subsequent incumbrancer actually misled by the incorrect statement.

Where a contractor made an itemized and verified statement of materials furnished and labor performed by him in the erection of a dwelling house, and filed the same in the office of the register of deeds, where the same was duly recorded March 14, 1891, in which statement he asserts an erroneous date of September 30, 1890, as the time when the first item of such material was so furnished and such labor performed, he is not entitled to have such erroneous statement corrected so as to show that such material was furnished and labor performed as of the 29th day of August, 1890, as against the rights of a mortgagee having a mortgage lien on said premises, dated and recorded September 3, 1890, and where said contractor allowed said erroneous statement to remain of record uncorrected from the date of its filing and recording until April 28, 1892, and where said mortgagee had in the mean time proceeded to foreclose his mortgage and bid off the premises for the full amount thereof on the 26th day of June, 1891, relying upon the correctness of the date of September 30, 1890, in said contractor's lien statement so filed and recorded.

**Burden of proof of actual notice and of no prejudice.**

The court below allowed the plaintiff on the trial, April 28, 1892, to amend his complaint, and thereby to correct said erroneous date of September 30, 1890, and to insert therein as the true date of furnishing the first item of material and performing such labor the 29th day of August, 1890, and by its decision made the mechanic's lien of said contractor superior and paramount to that of the mortgage lien of the mortgagee. *Held* that, as against this defendant, this was error, and that the burden of proof was upon the plaintiff to show that the rights of the mortgagee were not impaired by such amendment.

**Estoppel by acts without fraud.**

A party may be estopped by his acts or conduct which misled a party to his injury, although not guilty of any fraudulent design to mislead. If a party has performed any voluntary act calculated to mislead, and which act does in fact mislead, another party acting in good faith, equity will protect the party so misled.

Appeal by defendant, the Pioneer Savings and Loan Company, from an order of the District Court of Hennepin County, *Frederick Hooker,* J., made February 23, 1893, denying its motion for a new trial.

The plaintiff, Wallace W. Wetmore, furnished materials and did work in constructing a house for defendant David Royal on the North forty eight (48) feet in width of lot five (5) of Cornell's Out Lots to Minneapolis. On August 29, 1890, the plaintiff commenced work and delivered the first material on the ground. On March 14, 1891, he made and filed a lien statement, in which by mistake he stated that he commenced work and delivered the first material on September 30, 1890. Meantime, the Loan Company, a corporation, loaned to Royal on September 3, 1890, $6,000 and took a mortgage on the property. This mortgage was subsequently foreclosed under a power therein and at the sale on June 20, 1891, the property was bid in by the Loan Company for the full amount of its mortgage. This action was begun December 14, 1891, to foreclose the mechanic's lien. Royal and the Loan Company were made defendants, but the latter alone answered. On the trial April 28, 1892, plaintiff was allowed to amend his complaint and prove the mistake in the date in the lien statement, but he offered no evidence that the Loan Company actually knew of the work when it took its mortgage; or knew of the error in the lien statement or knew that

he was unpaid when it foreclosed and bid in the property. Findings were made and judgment ordered that plaintiff's lien was elder and superior to the mortgage. The Loan Company moved for a new trial, but was denied, the Judge saying he did not believe the Loan Company was misled by the mistake, and cited *Althen* v. *Tarbox*, 48 Minn. 18. The Loan Company appeals.

*George D. Emery*, for appellant.

The false date in the lien statement ought not to be amended as against this mortgagee, as it had no notice of the defect and relied upon the correctness of the lien statement and foreclosed its mortgage and bid in the property for its full value. The variance should have been held fatal and the lien statement rejected as not conforming to the amended complaint. *Rugg* v. *Hoover*, 28 Minn. 404; *Meyer* v. *Berlandi*, 39 Minn. 438; *Foster* v. *Schneider*, 50 Hun, 151; *Cannon* v. *Williams*, 14 Colo. 21; *Noll* v. *Swineford*, 6 Pa. St. 187. A defective statement cannot be amended. *Lindley* v. *Cross*, 31 Ind. 106; *Vreeland* v. *Boyle*, 37 N. J. Law, 346; *McDonald* v. *Rosengarten*, 134 Ill. 126; *Colman* v. *Goodnow*, 36 Minn. 9; *Hickey* v. *Collom*, 47 Minn. 565; *Beals* v. *Congregation B. J.*, 1 E. D. Smith, 654; *Ferguson* v. *Ashbell*, 53 Tex. 245.

The power of sale has been exercised in reliance on the record and it is too late to correct the error or restore this defendant to its former *status*.

*Paige & Paige*, for respondent.

The plaintiff's lien was not invalidated by the error in the lien statement. *Linne* v. *Stout*, 41 Minn. 483; *Johnson* v. *Stout*, 42 Minn. 514; *Treusch* v. *Shryrock*, 55 Md. 330; *Fourth Baptist Church* v. *Trout*, 28 Pa. St. 153.

So far as the mortgage itself is concerned it is clear that the Loan Company was not prejudiced or misled by the error. The lien was prior to the mortgage during all the time from August 29, 1890, until June 20, 1891, and only lost its priority, if it be lost, on that date, because the Loan Company then bid in the property at its own foreclosure sale for the full amount due on the mortgage.

The Loan Company could not have been misled to its prejudice

by the error in the lien statement, for even if the plaintiff was bound by that erroneous statement, not to claim his first item as of an earlier date than September 30, 1890, he would still have a lien relating back to the commencement of the building on August 29, 1890, paramount and superior to this defendant's mortgage made and filed September 3, 1890. *Gardner* v. *Leck,* 52 Minn. 522; *Hewson-Herzog Supply Co.* v. *Cook,* 52 Minn. 534; *Glass* v. *Freeberg,* 50 Minn. 386.

BUCK, J. On the 26th day of August, 1890, one of the defendants, David Royal, was the owner of a lot in the city of Minneapolis, and on that day he entered into a verbal contract with the plaintiff whereby he agreed, for the consideration of $2,700, to furnish material and labor for the erection of a double frame tenement house upon said lot. He performed his part of the agreement, and furnished extra material and labor to the amount of $40. On the 2d day of September, 1890, said verbal contract was reduced to writing, and signed by Wetmore and Royal. On the 29th day of August, 1890, Wetmore commenced work on this lot, and delivered some material on said premises, which was afterwards used in the erection and construction of said house; and between that day and the 16th day of December, 1890, inclusive, he furnished the necessary material and performed the necessary labor to complete said house. On the 11th day of October, 1890, he was paid on said contract $1,000, and on the 9th day of December he was paid $500 thereon. On the 14th day of March, 1891, Wetmore made out an itemized statement in writing of the amount and value of the materials furnished and labor done in the erection of said house, which he verified, and caused the same to be filed and recorded in the office of the register of deeds of Hennepin county, showing also the payments made, and claiming a lien upon the premises for the balance unpaid, of $1,240. In the verified written statement so made by him is this clause: "The time when the first item of such material and labor was furnished is September 30, 1890. The time when the last item of such material and labor was furnished is December 16, 1890." On the 26th day of August, 1890, said defendant Royal applied to this other defendant, the Pioneer Savings & Loan Company, then an existing corporation, under the name of the National Building Loan

& Protective Union, for a loan of $6,000. This loan was made, and, to secure the payment thereof, said Royal and wife executed a mortgage upon the lot in question, dated September 1, 1890, but which mortgage was not executed and delivered until September 3, 1890, and on said day duly recorded in the office of the register of deeds of said county of Hennepin. Part of said loan was used in paying off two prior mortgages on said lot, amounting to $3,067.58, and taxes thereon to the amount of $174.51. The $1,500 paid Wetmore on said contract was also paid out of this loan by checks given him by this defendant loan company, and his uncontradicted testimony shows that all of said $6,000 loan except $600 was used in paying incumbrances on said lot, and for the erection of buildings thereon. The only unpaid indebtedness for the erection of said house is the sum of $1,240, due the contractor Wetmore. There was default in the payment of the mortgage of $6,000 executed by Royal and wife, and the mortgage was duly foreclosed, and the property bid in by the defendant Loan Company, June 26, 1891, for the sum of $6,-469.76, the amount due on said mortgage and costs of sale. No redemption has been made from such sale. On the 14th day of December, 1891, plaintiff commenced an action to foreclose his mechanic's lien, and substantially set forth his verified, itemized lien statement as originally filed, and in such complaint demanded that such lien for labor and material so furnished be adjudged preferred and paramount to the said mortgage lien of the defendant Loan Company upon said premises. The defendant Loan Company appeared and answered, and upon the trial in the District Court, on the 28th day of April, 1892, plaintiff was permitted to amend his complaint so as to show that the true date of his furnishing the first item of material and labor in the erection of said house was on the 29th day of August, 1890, and not on the 30th day of September, 1890, as alleged in said written, itemized, and recorded statement. This permission was granted by the court against this defendant's objection. After trial had, the court below rendered its decision that plaintiff recover of David Royal the sum of $1,240, and interest from December 16, 1890, and costs, and the same was decreed to be a specific lien on all the right, title, and interest, claim, or demand of said Royal and his wife in and to said lot on, from, and since August 29, 1890, and superior to any estate, interest, lien, claim, or

demand of the defendant the Pioneer Savings & Loan Company. Said defendant thereupon moved to vacate said decision, and for a new trial, which motion was denied, and from the order denying the same an appeal was taken to this court.

We have deemed it advisable to make this somewhat lengthy statement of the facts in the case that we may the more readily apply the rules of law governing such an action. It is not necessary for us to determine whether the plaintiff's mechanic's lien or the defendant's mortgage lien was prior in point of time. The vital question is this, did the plaintiff, by inserting in his written, itemized, verified lien and recorded statement, on March 14, 1891, an allegation that the time when the first item of such material and labor was furnished was September 30, 1890, and letting such statement so remain of record, estop him from claiming priority as against this defendant's rights as they appear in this case. It was alleged in plaintiff's original complaint that the first date of furnishing such labor and material was September 30, 1890, and there was no claim that it was erroneous, or any attempt made to correct it until the trial. The original complaint also fully described this defendant's mortgage, including its date, and when and where recorded. The court below found that there was no fraudulent purpose on the part of the plaintiff in inserting in the lien statement the erroneous date of September 30, 1890. With the case thus presented to us, which party has the superior and paramount right? Suppose that the plaintiff, after the 16th day of December, 1890, had verbally stated to the defendant loan company that the first date of his furnishing material and labor in the construction of said house was September 30, 1890, and thereafter had repeatedly so stated for more than one year; would he not be estopped from denying it if such statement misled this defendant to his injury? Is he any the less responsible because he made a sworn statement to this effect, and placed it upon the public records in the office of the register of deeds of Hennepin county? What are public records for, unless to charge and bind people with the notice of their contents? If that record could protect plaintiff by its contents as against other parties, it could protect this defendant as against the statement therein made by plaintiff. If it was erroneous, it was not the fault of this defendant, but the carelessness and negligence of the plaintiff.

Now, who shall suffer,—the careless and negligent party or the innocent one, against whom not a word of fraud, unfairness, or negligence is charged? The equities of the contractor Wetmore are no greater than those of this defendant Loan Company. These premises were increased in value more than $5,000 by defendant's loan to Royal. Prior incumbrances on this lot, amounting to more than $3,000, were paid out of this loan. Fifteen hundred dollars of it was paid to plaintiff by defendant's checks for material and work furnished in erecting this dwelling house. Plaintiff himself so testified. It is not necessary that there should appear to have been any fraudulent act on the part of plaintiff in inserting the erroneous date of September 30, 1890, in his lien statement. A party may be estopped by his acts or conduct which mislead a party to his injury, although not guilty of any fraudulent design to mislead. If a party has performed any voluntary act calculated to mislead, and *which act does in fact mislead* another party acting in good faith, equity will protect the party so misled. *Trustees, etc.* v. *Smith,* 118 N. Y. 634, (23 N. E. Rep. 1002.) This defendant had no part in the making of the recorded lien statement. Neither by its negligence, carelessness, or wrongdoing did it contribute to the insertion of the erroneous date of September 30, 1890. Having faith in its apparent verity, and guided by its solemnity as a truthful public record, it proceeded to foreclose its mortgage. There was nothing in the record to warn it of any danger. It had the legal right to believe the record true, and act accordingly. As the record stood, it did not affect or impair the defendant's mortgage lien; as corrected, it may possibly have affected or impaired it. The condition of the record may, and probably did, greatly influence this defendant in the amount it bid at its foreclosure sale. The amount it could safely bid would certainly be materially affected by the fact of whether the plaintiff's lien of $1,240 was prior and paramount to that of the mortgage lien. If its interest and rights were materially affected and jeopardized by the change and amendment of such date, it was error to allow it as against this defendant Loan Company, however proper and legal as against Royal. The burden of proof in this case was upon plaintiff to show that this defendant's rights were not impaired by this amendment; and the court below erred in holding that the mechanic's

lien of the plaintiff upon said lot was paramount and superior to the mortgage lien of this defendant Loan Company. The order of the district court denying the defendant's motion to vacate the order for judgment, and denying a motion for a new trial, is reversed.

(Opinion published 56 N. W. Rep. 594.)

Application for reargument denied December 6, 1893.