## STATE OF MINNESOTA *vs.* CLARENCE A. ROBINSON.

Submitted on briefs Oct. 23, 1893. Reversed Oct. 27, 1893.

No. 8318.

Criminal liability of principal for unauthorized act of his agent.
   The owner of a drug store is not liable, under Laws 1885, ch. 147, § 12, regulating the practice of pharmacy, as amended by Laws 1891, ch. 104, for a sale by one in his employ, not a registered pharmacist or assistant, made without his knowledge or assent.

Appeal by the defendant, Clarence A. Robinson, from an order of the Municipal Court of the City of Minneapolis, *Stephen Mahoney,* J., made March 8, 1893, denying his motion for a new trial.

Defendant kept a drug store at No. 2901 on Washington Avenue North, in Minneapolis and employed therein Joseph Fremstad, a boy nineteen years old, to keep the store clean, sell cigars, soda water and notions and learn the business. The boy had orders from the defendant not to put up or sell any drugs, medicines or prescriptions. On August 26, 1892, while defendant was away at dinner, Fremstad sold to Robert G. Walton, at his request, an ounce of laudanum for ten cents. On August 27, 1892, while defendant was absent for a few moments to get a suit of clothes, Fremstad sold to Andrew Dickey, at his request, one half ounce of tincture of rhubarb and some chloroform for forty five cents. Defendant was a registered pharmacist and did not know or hear of these sales by his unlicensed employee until this action was commenced against him on October 12, 1892.

This action was brought in the name of the State by the State Board of Pharmacy to recover the penalty of fifty dollars for each of the sales so made. The Court made findings of the facts and ordered judgment for plaintiff for $100. Defendant moved for a new trial and being denied appeals.

*Penney, Jamison & Hayne,* for appellant.

Robinson did not permit the compounding or dispensing of prescriptions or the vending of drugs, medicines or poisons in his store or place of business by Fremstad. The word "permit" should be construed as requiring some affirmative act, or at least connivance on the part of Robinson. *State* v. *Mahoney,* 23 Minn. 181; *Whitcomb* v. *State,* 30 Tex. App. 269; *Commonwealth* v. *Nichols,* 10 Met. 259.

*McHale & Abell* and *F. M. Nye,* for respondent.

The law places the registered pharmacist in charge of the store and instructs him that his duty is to protect the public. The question is, did Robinson, as such registered pharmacist and proprietor, "permit" these sales in violation of the Pharmacy Act, Laws 1885, ch. 147, as amended by Laws 1891, ch. 104? *Cowley* v. *People,* 83 N. Y. 464; *Ex parte Eyston,* 7 Ch. Div. 145; *Commonwealth* v. *Curtis,* 91 Mass. 266; *Mogler* v. *State,* 47 Ark. 109; *State* v. *Kittelle,* 110 N. C. 560; *Pharmaceutical Society* v. *Wheeldon,* 24 Q. B. Div. 683; *State* v. *Mueller,* 38 Minn. 497; *Bond* v. *Evans,* 21 Q. B. Div. 249; *Haas* v. *The People,* 27 Ill. App. 416.

GILFILLAN, C. J. This is an action to recover two penalties such as are imposed for violating Laws 1885, ch. 147, as amended by Laws 1891, ch. 104. The section the provisions of which are claimed to have been violated is section 12 as amended, and which provides: "Any registered pharmacist or other person who shall permit the compounding or dispensing of prescriptions or the vending of drugs, medicines or poisons in his store or place of business, except under the supervision of a registered pharmacist, or by a registered assistant * * * shall for each and every offense be liable to a penalty of fifty dollars." The chapter contains elaborate provisions to secure on the part of registered pharmacists and assistants the re-

quisite knowledge and skill in the business of conducting a drug store or transacting a pharmacy business.

As found by the court below, defendant had in his employment in his drug store, to clean up the store, sell cigars, soda water, patent medicines, and notions, one Fremstad, who was not a registered pharmacist or assistant. When he employed Fremstad he instructed him that he must not sell any drugs or poisons, or prepare any prescriptions. Defendant attended the business at his store, and was there during the greater part of the time, with short absences. During two of these absences Fremstad made the sales which are charged against defendant as violations by him of section 12.

It is not found that he actually knew of or directly authorized the sales.

But it is claimed that he permitted the sales within the meaning of the section; that within its meaning the owner of a drug store permits on the part of his employes what he does not prevent. As always used, the word "permit" includes the element of assent. When used in a statute to describe an action made penal it must be held to include that element, unless there be something in the context clearly indicating the contrary. It is, of course, necessary for druggists to employ in and about their stores persons who are not registered pharmacists or assistants. The statute (Sections 2 and 4) contemplates that they may have such for the purpose of learning the business. It would be hard upon the owners of such stores to make them liable penally for the acts of such persons done without their knowledge, and contrary to their instructions. There is nothing in the statute showing an intent to go so far as that.

Order reversed.

Note. On November 21, 1893, an order was entered affirming the refusal of the clerk of this court to tax costs against the State Board of Pharmacy.

(Opinion published 56 N. W. Rep. 594.)