JOHN BARCHENT v. ALFRED P. SELLECK.[1]

June 12, 1903.

Nos. 13,498—(166).

Estoppel.

    Plaintiff was in possession of a farm under contract of sale with the record owner. Defendant, desiring to purchase, went to the place, when plaintiff informed him that he had nothing to do with it; that an agent of the owner had it for sale. Upon this information defendant made a contract with the owner, through such agent, for its purchase. Plaintiff recognized the purchaser's right, gave up possession, and at no time during the negotiations asserted any claim thereto. *Held*, that the plaintiff is estopped from asserting, against the rights of defendant thus acquired, any interest in the property.

Appeal by plaintiff from a judgment of the district court for Redwood county, entered pursuant to the findings and order of Webber, J. Affirmed.

*Pierce & Harriott* and *Clague & Emerson*, for appellant:
*Bowers & Howard*, for respondent.

LOVELY, J.

Plaintiff seeks to have a deed absolute on its face adjudged a

[1] Reported in 95 N. W. 455.

89 M.—33

mortgage, and for an accounting between the parties. The action was tried to the court, who made findings of fact upon which it was held that plaintiff was not entitled to the relief demanded; judgment was ordered for defendant, and duly entered; plaintiff appeals therefrom.

There was no settled case or bill of exceptions, and we are restricted on this appeal to a review of the question whether the facts as found by the trial court sustain the conclusions of law. From the findings it appears that one Allen conveyed a quarter section of land to plaintiff for the consideration of $5,000, $3,000 of which was paid in cash, and $2,000 secured by a purchase money mortgage. That one Snyder loaned plaintiff, for the purpose of aiding him to make the cash payment, $2,500, which, together with $500 of plaintiff's money, enabled him to do so. To secure Snyder for this loan, plaintiff gave him an absolute deed of the land. On the same day, and as a part of the same transaction, Snyder and plaintiff executed a contract, in writing, by the terms of which payments of $500 were to be made by plaintiff to Snyder on October 1, 1901, and on every succeeding October 1, until the full amount due thereon had been repaid, with interest, and the times of payment were made an essential part thereof. The conveyance from plaintiff to Snyder was recorded, but the loan contract was not. It was further agreed between these parties orally that, when the payments were completed, Snyder should reconvey the land. Plaintiff continued in possession of the property, carried on and cultivated it, but defaulted in his payment of $500, October 1, 1901. In the fall of this year, after plaintiff's default, Snyder, in whom appeared to be the record title, subject to the mortgage of $2,000, caused notice of the termination of plaintiff's rights under the contract to be given as required by statute (Laws 1897, p. 431, c. 223), and placed the property for sale in the hands of an agent named Moulster. Defendant, learning that the land was for sale, went to the premises, where he found plaintiff plowing, and inquired of him whether the property was for sale, and its price. Plaintiff informed defendant that he had nothing to do with it, that it was in the hands of Moulster to be sold, that if it was for sale he would do no more plowing, and ceased all work on the

premises, making no claim that he had any interest therein until the commencement of this suit. Defendant, relying upon the statements of the plaintiff, purchased the land of Snyder, through Moulster, for the sum of $5,700, entering into a contract for its conveyance, and making a cash payment of $25. Defendant completed arrangements for the purchase by February 26 of the following year, paying Snyder $3,700, and assuming the purchase-money mortgage above referred to of $2,000 as a part of the transaction. He then received a warranty deed of the land.

At the time defendant made his first payment he had no knowledge of the terms of the written contract between plaintiff and Snyder, further than that plaintiff had told him that the payments thereunder were too large for him to meet and the place had to be sold; that he had put $500 into it, which he would lose. Defendant was also informed by Moulster that plaintiff had broken the contract with Snyder, but had no notice of the oral agreement to reconvey upon the performance of its conditions.

The court further found that after defendant had paid Snyder the $25, and before he had made payments of the balance under his contract of purchase, plaintiff voluntarily surrendered the land, removed therefrom, and assisted defendant in putting a portion of his goods thereon, since which time the defendant has been in possession thereof; also that the defendant acted in good faith, and in reliance upon the statements and acts of plaintiff; and held, as a conclusion of law, that his statements and subsequent conduct in surrendering possession estopped him in this action from questioning defendant's title to the land.

It is insisted on behalf of plaintiff that such statements and acts were not inconsistent with his rights to now have the original conveyance from him to Snyder declared a mortgage, and for an accounting between himself and defendant, to which the deed from Snyder to him must be subsidiary and dependent. We are not able to agree to this view, for it is impossible, upon the conclusions reached by the court, to discover any legal or equitable ground upon which the claims of plaintiff to such relief can be sustained.

It will be conceded that the occupation and possession of the

land by plaintiff would convey notice to the defendant of his rights. Defendant recognized this in going to the premises and making suitable inquiries, when he was induced by the statements of plaintiff himself to believe that the latter intended to make no claim to the property, which, in connection with his further conduct in surrendering the place and helping to put the defendant in possession, was the best possible assurance that his rights therein were terminated. It is true defendant was informed that there was a contract between Snyder and plaintiff, but he was also told by the party who now claims to have rights in the property that he would give it up, and was put in possession of the premises without objection. He should not therefore be held to have suspected that plaintiff was acting in bad faith when he failed to make claim to the land he bought; and, if plaintiff was not guilty of an intentional fraud, he lulled the defendant into the belief that he was free to purchase the property by pursuing a course that led to that result. In view of the conduct of plaintiff which was the inducing cause of defendant's purchase, there was at least such negligence on his part to notify defendant of his claims to the land as now estops him from pursuing the remedy he seeks in this action. Kelly v. Rogers, 21 Minn. 146; Porter v. Fletcher, 25 Minn. 493; Stevens v. Ludlum, 46 Minn. 160, 48 N. W. 771; Wetmore v. Royal, 55 Minn. 162, 56 N. W. 594.

Judgment affirmed.