STATE of Minnesota, Respondent,

v.

WOHLSOL, INC., Appellant.

No. A03–521.

Court of Appeals of Minnesota.

Oct. 21, 2003.

than is appropriate for a harmless error anal-    ysis.

Mike Hatch, Attorney General, St. Paul, MN; and Charles C. Glasrud, Morris City Attorney, Morris, MN, for respondent.

Robert V. Dalager, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Chtd., Morris, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, TOUSSAINT, Chief Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Wohlsol, Inc., a Minnesota corporation, is charged with two misdemeanor counts of permitting underage persons to drink alcoholic beverages on its licensed premises in violation of Minn.Stat. § 340A.503, subd. 1(a)(1) (1998). Prior to trial, appellant moved to dismiss the charges, claiming that the statute is unconstitutionally vague. Appellant also renewed an objection to the district court's proposed jury instructions, which did not require the state to prove that appellant had knowledge of the violation or specific intent. The district court denied the motion to dismiss but granted appellant's request that the jury be instructed that the state is required to prove that appellant acted with knowledge of the alleged violation of Minn.Stat. § 340A.503, subd. 1(a)(1). The district court certified as important and doubtful the questions of (1) whether Minn.Stat. § 340A.503, subd. 1(a)(1), as it relates to whether the appellant "permitted" an underage person to drink alcohol on the licensed premises, requires proof by the state that appellant acted with knowledge of the alleged statutory violation and (2) whether Minn.Stat. § 340A.503, subd. 1(a)(1), is unconstitutionally vague with respect to the term "permit." We answer the first certified question in the affirmative and the second certified question in the negative.

## FACTS

Appellant Wohlsol, Inc., a closely held Minnesota corporation, is an on-sale intoxicating-liquor licensee operating licensed premises known as Old No. 1 Bar & Grill in Morris. In January 2002, a waiter at the bar served alcoholic beverages to two 20-year-old patrons without asking either of them to produce identification. One of the patrons consumed about five beers on the premises and was later involved in a fatal car accident. The parties have stipulated that appellant

> asserts, and the State has no evidence to dispute, that it had not authorized or directed [the waiter] to sell, serve, or allow or permit consumption of alcoholic beverages by underage persons in the bar, and in fact, asserts that it had specifically trained and instructed its employees, including [the waiter], not to do so, on many occasions.

Appellant was charged with two misdemeanor counts of permitting an underage person to drink on licensed premises under Minn.Stat. § 340A.503, subd. 1(a)(1) (1998). Appellant moved to dismiss the charges, asserting that application of Minn.Stat. § 340A.503, subd. 1(a)(1), unconstitutionally violates due process by imposing vicarious criminal liability on appellant based solely on the actions of an employee. The district court denied the motion. The district court also denied appellant's request to instruct the jury that the corporation may only be guilty if the employee's actions were authorized, tolerated, or ratified by appellant's corporate management. Immediately prior to jury selection, appellant moved to dismiss the charges on the ground that Minn.Stat. § 340A.503, subd. 1(a)(1), is unconstitutionally vague. Appellant also renewed its objection to the district court's denial of its request that the jury be instructed that the state must prove appellant's knowledge or specific intent to violate the statute. The district court denied appellant's motion to dismiss but granted the requested instruction that the state is required to prove that appellant acted with knowledge of the alleged violation of the statute. The district court then certified the following questions to the court of appeals:

    1. Does Minn.Stat. § 340A.503, subd. 1(a)(1), as it relates to whether the defendant "permitted" an underage person to drink alcohol upon the licensed premises, require proof by the Plaintiff that Defendant acted with knowledge of the alleged violation of the statute?

    2. Is Minn.Stat. § 340A.503, subd. 1(a)(1) unconstitutionally vague with respect to the term "permit."

## ISSUES

1. Is Minn.Stat. § 340A.503, subd. 1(a)(1) (1998), making it a misdemeanor for a retail liquor licensee to permit an underage person to drink alcohol on the licensed premises, a specific intent statute requiring the state to prove that a defendant acted with knowledge of the alleged violation?

2. Is Minn.Stat. § 340A.503, subd. 1(a)(1) unconstitutionally vague because it is unclear whether the term "permit" requires proof of specific intent?

## ANALYSIS

■ "This court accepts certification of questions regarding criminal statutes as important and doubtful when the challenged statute has statewide application and the question has not previously been decided." *State v. Mireles,* 619 N.W.2d 558, 561 (Minn.App.2000) (citing *State v. Nodes,* 538 N.W.2d 158, 160 (Minn.App. 1995)). The questions of whether Minn. Stat. § 340A.503, subd. 1(a)(1) (1998), requires proof of knowledge of the alleged violation by the licensee, and whether the statute is unconstitutionally vague have not previously been addressed by Minnesota appellate courts. Answers to these questions would have statewide effect. Therefore, the questions were properly certified.

The material facts are not in dispute, and resolution of these issues involves interpretation of the statute and caselaw. The standard of review is, therefore, de novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996) (stating whether a statute has been properly construed is a question of law subject to de novo review); *State v. Wright,* 588 N.W.2d 166, 168 (Minn.App. 1998), *review denied* (Minn. Feb. 24, 1999) (stating constitutionality of statute presents question of law reviewed de novo).

**1. Is Minn.Stat. § 340A.503, subd. 1(a)(1), a specific intent statute that requires proof that a defendant had knowledge of an alleged violation?**

■ Minn.Stat. § 340A.503, subd. 1(a)(1), provides that it is unlawful for any "[r]etail intoxicating liquor or 3.2 percent malt liquor licensee, municipal liquor store, or bottle club permit holder under section 340A.414, to permit any person under the age of 21 years to drink alcoholic beverages on the licensed premises or within the municipal liquor store[.]" Appellant argues that the term "permit," as used in the statute, must incorporate a requirement of proof of knowledge or specific intent on the part of a defendant, otherwise a licensee will be unconstitutionally held vicariously criminally liable for the acts of its employees. *See State v. Guminga,* 395 N.W.2d 344, 349 (Minn.1986) (holding vicarious liability imposed on employers whose employees served alcohol to minors violates substantive due process provision of Minnesota Constitution).

The current statute, Minn.Stat. § 340A.503, subd. 1(a)(1), was enacted after *Guminga* held unconstitutional the vicarious liability provisions of its predecessor, Minn.Stat. § 340.941 (1986). The state argues that the current statute does not impose vicarious liability and, because the legislature did not modify the term "permit" in the current statute with "intentionally," "knowingly," or "willfully," it is logical to assume that no such requirement is implied. *See* Minn.Stat. § 609.02, subd. 9(1) (1998) (stating that when criminal intent is element of section 609 crime, "such intent is indicated by the term 'intentionally,' the phrase 'with intent to,' the phrase 'with intent that,' or some form of the verbs 'know' or 'believe' "). The state asserts that when the legislature criminalizes an act without mention of a required intent level, it creates a general-intent crime. *See State v. Orsello,* 554 N.W.2d 70, 73 (Minn.1996).

The state argues that the legislature intended to create a special category of crime for the licensee, which usually is not directly involved in the furnishing of alcoholic beverages, and that to read an element of intent or knowledge into the statute would render the statute absurd and of no effect. But this argument encourages a reading of the statute that eliminates any intent requirement. Such a reading would render the statute unconstitutional under *Guminga.* 395 N.W.2d at 349 (holding predecessor statute unconstitutional specifically because of vicarious-liability provision's elimination of intent requirement). This court will avoid, if possible, any interpretation of a statute that renders it unconstitutional. *Orsello,* 554 N.W.2d at 74; *see also* Minn.Stat. § 645.17(3) (1998).

The state relies on *State v. Loge,* arguing that the supreme court there held that the state is not required to prove knowledge to establish the criminal liability of a driver who keeps or allows to be kept in a motor vehicle any open bottle or receptacle containing intoxicating liquor when the vehicle is on a public highway, in violation of Minn.Stat. § 169.122, subd. 3 (1998). 608 N.W.2d 152, 158–59 (Minn.2000). But the state's assertion that the supreme court in *Loge* held that "allowing" an open bottle in a vehicle does not require proof of knowledge or intent is incorrect. In *Loge,* the supreme court specifically limited its opinion to an analysis of "to keep" based on the facts of that case, and did not analyze the alternative manner of violation not presented in that case of "allowing to be kept." *Id.* at 155. Noting that the legislature had used the term "knowingly keeps" in a separate subdivision imposing criminal liability for the presence of marijuana in a vehicle, the supreme court said that the distinction "indicates that the legislature does not perceive the word 'keep' alone to imply or contain a knowledge element." *Id.* at 157. Because the court did not reach the issue of whether knowledge is required to prove a violation for "allowing"

an open bottle, the case is not helpful in determining whether the term "permit" used in Minn.Stat. § 340A.503, subd. 1(a)(1) incorporates a knowledge requirement.[1]

Appellant relies on a more analogous, but significantly older, supreme court decision, reversing a finding that a pharmacist was liable for penalties under an 1885 statute providing that:

> Any registered pharmacist or other person who shall permit the compounding or dispensing of prescriptions or the vending of drugs, medicines or poisons in his store or place of business, except under the supervision of a registered pharmacist, or by a registered assistant ... shall ... be liable to a penalty of fifty dollars.

*State v. Robinson,* 55 Minn. 169, 170, 56 N.W. 594, 594 (1893) (citing Gen. Laws 1885, c. 147 as amended by Gen. Laws 1891, c. 104). The illegal sales were made by an employee of a drug-store owner during the owner's absence and without the owner's knowledge or authorization. *Id.* at 171, 56 N.W. at 594. Addressing the claim that the store owner permitted the sales within the meaning of the section because "the owner of a drug store permits on the part of his employes (sic) what he does not prevent," the supreme court stated:

> As always used, the word "permit" includes the element of assent. When used in a statute to describe an action made penal it must be held to include that element, unless there be something in the context clearly indicating the con-

trary.... It would be hard upon the owners of such stores to make them liable penally for the acts of [persons employed who are not registered pharmacists] done without [the owners'] knowledge, and contrary to their instructions. There is nothing in the statute showing an intent to go so far as that.

*Id.*

Minn.Stat. § 340A.503, subd. 1(a)(1), was enacted after the supreme court held that the predecessor statute, Minn.Stat. § 340.73 (1984), violated the substantive due process provision of the state constitution by imposing vicarious criminal liability on an employer for an employee's sale of intoxicating liquor to minors. Appellant argues that unless there is a knowledge or assent requirement for a licensee to violate § 340A.503, subd. 1(a)(1), the statute unconstitutionally imposes vicarious liability on the licensee for the acts of an employee. The state argues that since appellant is a corporation, and as such not subject to imprisonment, the reasoning in *Guminga,* which held that in Minnesota "no one can be convicted of a crime punishable by imprisonment for an act he did not commit, did not have knowledge of, or give expressed or implied consent to the commission thereof," is not applicable. *Guminga,* 395 N.W.2d at 349. But the statute is not limited in application to corporations. And there is nothing in the statute to suggest that the level of intent implied by the statute is different for individual and corporate retail liquor licensees.

---

1. The supreme court in *Loge* specifically noted that a driver has "the opportunity and [is] in the best position to find out the fact of the open bottle's presence 'with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities.' " 608 N.W.2d at 158 (citation omitted). There is a clear distinction between the opportunity of such a driver to discover and prevent an open bottle violation and the opportunity of liquor licensee who is not present on the premises when a minor is served to discover and prevent violation of Minn.Stat. § 340A.503, subd. 1(a)(1).

There is no question that corporations may be held liable for crimes. *See, e.g., City of Duluth v. City Mkt. Co.,* 187 Minn. 149, 244 N.W. 552 (1932); *State v. People's Ice Co.,* 124 Minn. 307, 144 N.W. 962 (1914). But criminal liability for acts of its servants, in which the corporation in no way participated, is vicarious liability. *Pettit Grain & Potato Co. v. N. Pac. Ry. Co.,* 227 Minn. 225, 239, 35 N.W.2d 127, 135 (1948). A corporation may be guilty of a specific-intent crime if it can be shown that (a) the agent was acting within the course and scope of employment, having the authority to act for the corporation with respect to the particular corporate business that was conducted criminally; (b) the agent was acting, at least in part, in furtherance of the corporation's business interests; and (c) the criminal acts were authorized, tolerated, or ratified by the corporate management. *State v. Christy Pontiac–GMC, Inc.,* 354 N.W.2d 17, 20 (Minn.1984). What must be shown is that from all of the facts and circumstances, those in position of managerial authority or responsibility acted or failed to act in such a manner that the criminal activity reflects corporate policy. *Id.* We conclude that the meaning of the word "permit" as used in Minn.Stat. § 340A.503, subd. 1(a)(1), is clear and requires an element of knowledge of the violation such that the licensee authorized, tolerated or ratified sale of intoxicating liquor to minors before the licensee may be found criminally liable under the statute. Because the statute is unambiguous, we do not address appellant's argument on the "rule of lenity," which requires that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity towards the defendant. *Orsello,* 554 N.W.2d at 74 (citations omitted).

**2. Is Minn.Stat. § 340A.503, subd. 1(a)(1) unconstitutionally vague?**

Because we have found that the word "permit" as used in the statute unambiguously requires an element of knowledge of the violation as described above, we hold that the statute is not unconstitutionally vague.

## DECISION

Minn.Stat. § 340A.503, subd. 1(a)(1) (1998), requires the state to prove that a licensee had knowledge of, authorized, tolerated, or ratified, an alleged violation before the licensee may be convicted of violating the statute. Minn.Stat. § 340A.503, subd. 1(a)(1), is not unconstitutionally vague.

**Affirmed; first certified question answered in the affirmative; second certified question answered in the negative.**