JABIN STRONG, GARNISHEE v. JOSEPH HOLLON ET AL.

*Garnishee's liability—Proof of judgment—Bill of particulars—Costs.*

A bill of particulars of what is to be established against a garnishee is not a matter of right, especially where the garnishee has made disclosure.

In an auxiliary garnishee proceeding the judgment against the principal debtor may be shown by the judgment entry.

A garnishee's liability is limited by the amount of the judgment against the principal debtor, and a verdict for an excess would not be binding.

Costs may be awarded against a garnishee who has unsuccessfully contested his liability.

Error to Hillsdale. Submitted Oct. 11. Decided Oct. 22.

GARNISHMENT. Garnishee defendant brings error.

*James S. Galloway* and *George A. Knickerbocker* for plaintiff in error. A bill of particulars can be demanded from an assignee suing on a claim, *Kelly v. Waters,* 31 Mich., 404; a judgment cannot be proved without producing the records and files in the case, *Norvell v. McHenry,* 1 Mich., 227; *Prentiss v. Holbrook,* 2 Mich., 372; *Kenyon v. Baker,* 16 Mich., 373; Drake on Attachment, § 460.

*E. J. March* and *M. B. Koon* for defendant in error. A bill of particulars will not be ordered where the facts sought are within the knowledge of the party demanding it, *Young v. De Mott,* 1 Barb., 30; *Blackie v. Neilson,* 6 Bosw., 683; 2 Wait's Prac., 348; journal entry of a judgment is enough to prove it in a collateral proceeding, *Rathbone v. Rathbone,* 10 Pick., 1; *Bloom v. Burdick,* 1 Hill, 139; *Williams v. McGrade,* 13 Minn., 46; *Crane v. Hardy,* 1 Mich., 57; *Rash v. Whitney,* 4 Mich., 495.

COOLEY, J. 1. The first error assigned on this record is that the court refused to require the plaintiffs to furnish a bill of particulars of what they expected to establish against the garnishee. As the garnishee had already been called upon to make disclosure, and had made it,

and as the dealings between him and the principal debtor must be supposed to be peculiarly within his knowledge, we do not think any such bill of particulars was a matter of right. It might be proper in some cases, but in this case nothing appears to show its importance.

2. It is objected that the court permitted the judgment against the principal debtor to be proved by the judgment entry merely. This was proper. The garnishee proceeding was ancillary to the suit in which the judgment was rendered, and the fact of pendency of that suit was already before the court. The judgment was important only as showing that a stage of the proceedings had been reached which entitled the plaintiffs to proceed to judgment in the garnishee suit, and also as fixing the limit of recovery against the garnishee.

3. The court instructed the jury in substance that if they found the garnishee to be indebted to the principal debtor in a sum exceeding the plaintiff's recovery, they were not called upon to determine the exact amount of the indebtedness, but if the indebtedness was less than the recovery, they must determine it accurately. This, whether right or wrong, could not injure the garnishee. The limit to his liability was the amount of the judgment against the principal debtor; and if the jury were to undertake to fix the exact amount of a larger indebtedness, the verdict for the excess could bind neither party. The judgment rendered upon it would be limited to the amount of the principal judgment, and all questions as to the excess would still be open.

4. Complaint is made that the court awarded costs against the garnishee and refused to award costs in his favor. Had no contest been made, it would have been proper to refuse to give costs to the plaintiffs, *Zimmer v. Davis*, 35 Mich., 39; but in this case the liability of the garnishee was stubbornly resisted, and the judgment for costs was not unreasonable.

The judgment should be affirmed with costs.

The other Justices concurred.