J. C. Winne v. Victor H. Lane, Lenawee Circuit Judge.

*Garnishment—Justices of the peace—Appeal—Costs.*

Where a claimant, called upon to sustain his right to money alleged to be due from the garnishee to the principal defendant under Act No. 175, Laws of 1885, appeals from an adverse decision by the justice, and maintains his right, costs cannot be taxed against him in the appellate court.

*Mandamus.* Submitted February 5, 1889. Granted February 20, 1889.

Application for *mandamus* to compel respondent to vacate order for costs, and enter judgment for costs in favor of relator. The facts are stated in the opinion.

*J. C. Winne*, in *pro. per.*, for relator.

*Watts & Smith*, for respondent.

Per Curiam. In this case Dow Draper obtained a judgment against William Maloney, before a justice of the peace in the county of Lenawee, for damages and costs amounting to $14, and garnished the Lake Shore & Michigan Southern Railroad Company. The company appeared by its agent, and disclosed that it owed the relator, as assignee of Maloney, about $35.70, and paid the same into court, and, under Act No. 175, Laws of 1885, p. 241, received its discharge. The justice then issued notice to the relator to come before him and maintain his interest in said moneys. In pursuance of said notice relator appeared before the justice, and such proceedings were had that the justice rendered judgment

against the relator that he had no right to any part of the fund deposited, and that the plaintiff in the original suit recover costs against relator to the amount of $2.75. Relator appealed said cause to the circuit court for the county of Lenawee, claiming, among other things, that the evidence did not support the judgment appealed from. The cause was tried in the circuit court, before a jury, who rendered a verdict in favor of the relator for the amount of $18.95, and upon motion for judgment the relator asked the court to grant him his costs in the suit, but, instead thereof, the circuit court denied his request, and gave judgment for costs against relator, who now asks that the circuit judge may be required by *mandamus* to vacate the order for costs, and enter judgment for costs in his favor, to be taxed.

*Held* that, relator having been denied his rights to any portion of the fund before the justice, and having taken only the statutory proceedings to maintain his claim, and in so doing having been obliged to take his appeal, he ought not to be subjected to the costs of such proceedings, if he prevailed, and especially as he had not been in fault.

This is not the unsuccessful contest of a garnishee against his liability, stubbornly made, as in *Strong v. Hollon,* 39 Mich. 411.   Section 28, Act. No. 175, Laws of 1885, p. 241, requires the court to render such judgment as shall be just between the claimant and the other parties concerned.   The costs, when given by the court, are a part of the judgment.   The proceeding authorized in this case is a special and peculiar one, and, on appeal, if the claimant's rights have been denied him in the court below, in no case should he be mulcted in costs in maintaining his right to his property against an unwarranted proceeding thought to be given to another to deprive him of it.

There being no provision of law giving costs against claimant in a case of this kind, and none expressly authorizing the court in its discretion to award costs against him, the action of the circuit judge in so doing was without authority, the claimant having prevailed, and the *mandamus* must be granted as prayed.