SWEENEY, RESPONDENT, *v.* SCHLESSINGER, APPELLANT.

[Submitted May 27, 1896. Decided June 1, 1896.]

JUDGMENT CREDITOR—*Action against garnishee—Sufficiency of answer.*—In an action by a judgment creditor against the judgment debtor, and other defendants alleged to have money belonging to the judgment debtor, where the complaint shows the rendition of the original judgment, the issuance of execution and levy by garnishment upon the co-defendants and their refusal as garnishees to pay over the money, and alleges that such money belongs to the judgment debtor individually, an answer which alleges, in effect, that the garnishees have money due upon a purchase of propert from the judgment debtor, but as to whether it belongs to him personally or in a representative capacity they have no knowledge, raises no issue.

SAME—*Same—Pleading—Allegation of permission to sue.*—In an action brought under section 356 of the Code of Civil Procedure (1887) providing that if it appear that a per-

son or corporation alleged to have property of the judgment debtor claims an interest therein adverse to him or denies the debt, the court "may authorize, by an order to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt," it is not necessary for the plaintiff to allege as a part of his cause of action that an order was made by the court permitting the action to be brought.

*Appeal from First · Judicial District, Lewis and Clarke County.*

ACTION by judgment creditor. Judgment on the pleadings was rendered for the plaintiff below by HUNT, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from a judgment rendered upon the pleadings, and also an appeal from an order refusing to open the default of defendant Welch. The complaint of the plaintiff alleges that he had, in another action, recovered judgment for $662.30 against the defendants Schlessinger and Welch; that an execution was issued upon that judgment; that at that time E. D. Edgerton, defendant in this action, was indebted to defendant Welch in the sum of $1,250, and that the defendant herein, the bank, had $1,200 in its possession belonging to said Welch; that the execution was levied upon said funds by delivering to said Edgerton and the cashier of the bank the proper garnishment papers; that said Edgerton and the bank refused to pay said funds to the sheriff, averring as a reason for said refusal that defendant Welch claimed an interest in said money as administrator of the estate of Alice Welch, deceased.

The complaint further alleges that said funds do not belong to Welch as administrator, but are his individual property. Judgment is demanded that said Edgerton and the bank be required to pay into court said money, and that the same be, as far as is necessary, applied to the satisfaction of the judgment formerly recovered against Schlessinger and Welch.

Schlessinger was not served with summons. Welch was served, but never appeared. His default was duly entered. The only answer filed in this case was by Edgerton and the bank. This answer denies that those defendants, or either of

them, are indebted to said Welch, or have in their possession any money belonging to him, but avers the facts to be as follows, to wit : That Edgerton purchased certain real estate; that negotiations were carried on with Edgerton by the defendant Welch, on behalf of the owners of said property, but whether Welch was acting for himself, or in a representative capacity, defendants do not know; that, as part of the purchase price of the real estate mentioned, Edgerton paid Welch, on behalf of the owners, $1,200, which sum was deposited in the defendant bank, and is the money referred to in the complaint.

The answer says that Edgerton owes a balance on the purchase of this real estate. The answer then alleges that all of said moneys belong to whoever were the owners of said premises when Edgerton purchased the same, and are owing to and owned by them, and no other person, and that claims for said moneys have been made upon defendants prior to the commencement of this action, copies of which said claims, marked "Exhibits A and B," are attached to the answer. The fact is, however, that copies of these claims are not attached to the answer.

The defendant Welch having defaulted, plaintiff moved for judgment upon the complaint and answer, the material allegations of which pleadings are epitomized above. The appeal is from the judgment and order as above noted.

*Toole & Wallace,* for Appellants.

The order in question is not a *bare leave* to sue. At common law, there is no privity between a judgment creditor and his debtor's debtor. The privity is created by the order, so to speak, and is the very gravamen of the cause of action. (*Harlich* v. *Kauffmann,* 33 Pac. R. 857.) Being a fact constituting the cause of action it should be alleged. (Code of Civil Procedure, Compiled Statutes, §§ 85, 87, 88; *High* v. *Bank,* 95 Cal. 386.) All facts constituting the cause of action must be pleaded; while as matter of evidence the court perhaps could take notice of orders made in the former action.

Just what the court will take judicial notice of is not classified under pleadings, but under the head of evidence. (Code of Civil Procedure, Compiled Statutes, § 643 Rapalje's Law Dict. title "notice" and "judicial notice.") If the order constitutes an essential element in the cause of action and is not limited to the right to sue, at common law and under the code it should be alleged, and none of the authorities cited by respondent are applicable here. We think the action contemplated is an independent statutory action, based upon a liability created by the order and which did not theretofore exist. (Code of Civil Procedure, Compiled Statutes, § 356; Freeman on Judgments, §§ 393, 394; *Herrlich* v. *Kauffmann*, 33 Pac. R. 857, *supra.*) If so, the court aside from the question of pleadings, could not take judicial notice of the order, as a fact in the case if on trial. (*People* v. *De la Guerra*, 24 Cal. 73; *Lake* v. *Cowles*, 31 Cal. 215.) Under our statute this is an independent action and the ancillary proceedings left off with the order. Being therefore an independent action the court could not take judicial notice of the order, even as matter of evidence. Section 235, Code of Civil Procedure does not apply to a case like this. It refers to property capable of manual delivery and not an indebtedness. (*Hartman* v. *Alvera*, 51 Cal. 501.) That the order created the right to sue and recover just as the creditor could have done and did not enlarge the rights of either is axiomatic. It was an adjudication that the debt was denied and could not be made without it. (Herman on Estoppel, 306, § 286; *McCullough* v. *Clark*, 41 Cal. 298.) The order to sue and recover the debt was the only order that could be made. The liability to the creditor being created by statute was limited to that created by it. No other order could be made or action maintained. (*Lewis* v. *Chamberlain*, 41 Pac. 413 (Cal.) ; *McDowell* v. *Bell*, 86 Cal. 615, 25 Pac. 128; *Westside Bank* v. *Pugsley*, 47 N. Y. 368; *Brummagim* v. *Boucher*, 6 Cal. 16.) The complaint alleges that the garnishees claim that the judgment debtor asserts rights other than in his individual character and is the very fact set up in the answer of the garnishee. If the money had been paid into

court and there was no controversy about it then the trial court could have made the order that was made in this case, and not otherwise. (*Bank* v. *Hayes*, 29 Pac. R. 90; *Hagermann* v. *Long Lee*, 12 Nev. 366, and authorities there cited.)

*T. J. Walsh,* for Respondent.

A garnishee may either absolutely deny in his answer any indebtedness to the judgment debtor and take the chances of proving it at the trial, or he may admit that he has the money in his hands, pay it into court and interplead the claimants. (§ 23 Code of Civil Procedure.) The answer is evasive. (*Dawson* v. *Maria*, 16 Pac. 413.) "Doubtful and uncertain answers are construed against a garnishee. It has been held that, where they are equivocal and evasive, the allegations would be taken *pro confesso*." (*Id.*, Wade on Attachment, 377; Drake on Attachment, 633.) It is contended that the complaint is insufficient because it does not allege that an order was obtained authorizing the institution of the suit pursuant to § 350, Code of Civil Procedure. Such an order was in fact made. As this action is merely auxiliary to the original action (*Strong* v. *Holton*, 39 Mich. 411), the court takes judicial notice of the proceedings had in it. (*Farrington* v. *Sexton*, 43 Mich. 454.) Wherefore it follows that there is no necessity to plead the existence of the order. (Waples on Attachment and Garnishment, 418.) See, also, Freeman on Executions, 418. It is an elementary rule that in a complaint facts should not be stated of which the court will take judicial notice. (Bliss on Code Pleadings, 177.) In many states a party is not entitled to sue on an obligation secured by mortgage without first obtaining leave of court. It is not necessary for him, however, to allege leave in his complaint. If leave has not been obtained the question must be raised by motion to dismiss or by plea in abatement. (*McKernand* v. *Robinson*, 84 N. Y. 105; *Finch* v. *Carpenter*, 5 Abb. Pr. 225; *Henry* v. *McCurdy*, 55 N. W. 261.) And this is the rule in every case whereby statute leave to sue is necessary, and unless objection is so made the irregularity is waived. (1 Wait's

Practice, 196; Riddle & Bullard on Supp. Proc., 412; High on Receivers, 261.)   Even if attacked on demurrer, the complaint is not vulnerable, as "the obtaining of such permission is no part of the plaintiff's cause of action."   (*Hantzsch* v. *Massolt*, 63 N. W. 1069; 1 Wait's Practice.)

DE WITT, J.—The motion to open the default of Welch was upon the ground of alleged excusable neglect.   The motion was heard upon the affidavits of the respective counsel for Welch and the plaintiff.   The respondent now contends that, by reason of some question of practice, the order denying the motion to open the default is not properly before us.   But, without passing upon that question, we are satisfied to say that we cannot find any abuse of discretion in the order of the district court which would justify us in reversing it.

The other question is whether judgment should have been rendered upon the pleadings.   That is all there is now before us.   Appellant's counsel earnestly argue that Welch represents some minor heirs, as guardian, who are the owners of the funds in question, and that such minor heirs are by this judgment deprived of their property.   Welch was sued as administrator, and no allegations as to his being guardian of minor heirs appear anywhere in the pleadings.   No application to intervene was made.   Such allegations appear only by the answer which Welch tendered upon his motion to open the default.   The action of the district court in refusing to open this default, we are of opinion, as above noted, was not an abuse of discretion.   Therefore the answer tendered by Welch never appeared in the case.   Looking simply at the pleadings as they stand, we think that the judgment upon them was proper.   Section 356 Code Civil Procedure, 1887, provides :   "If it appear that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation, for the recovery of such interest or debt."

The complaint in this action shows that a person and a corporation, to-wit, Edgerton and the bank, were alleged to have property of the judgment debtor, Welch, and that they refused to pay said money into court, or have it applied upon the judgment. The complaint shows the rendition of the original judgment, the issuance of the execution, the levy by garnishment upon the bank and Edgerton, and the refusals of the garnishees to apply the funds. The complaint asked that these funds be applied to the judgment in the original case. The judgment in this case was in accordance with the demand in the complaint. What defense do we find set up against this complaint? Schlessinger and Welch made none. When the answer of the bank and Edgerton is analyzed, it makes no defense. The answer is introduced by an allegation that the defendants are not indebted to Welch, and have not in their possession any money belonging to him; but it goes on to say that "the facts are as follows," and what follows is a detailed statement as to how the garnishees are not indebted. It is that statement which we must analyze. Therein we find Edgerton and the bank saying that Edgerton negotiated with Welch for the purchase of certain real estate, but whether Welch was acting for himself, or in a representative capacity, the defendants do not know. The answer admits that Edgerton paid Welch $1,200, and that the money is now in the defendant bank. The garnishees say that this money belongs to the former owners of the real estate, but that the garnishees do not know who the owners were. Reduced to a simple statement, the answer is no more than this: "We, the defendants and garnishees, have $1,200 which belongs to Welch, either personally or as a representative, and we have no knowledge which." But the complaint positively avers that the money belongs to Welch individually.

We are of opinion that the answer does not raise any issue, and that the judgment on the pleadings was therefore correct. —(*Dawson* v. *Maria*, (Or.) 16 Pac. 413; Wade on Attachment, § 377; Drake on Attachment, § 633,—provided, however, that the complaint sets up a cause of action. And here we

reach the other point suggested by the appellants, to-wit, that the complaint itself is insufficient, in that it does not allege that the district court ordered this action to be commenced. (Code Civ. Proc. 1887, § 356.)

The answer does not plead that the order for the commencement of the action was not made, but appellants contend that the complaint should state that the order was made. In other words, is the order for the commencement of the action a part of the cause of action? The present action is auxiliary to the main action in which judgment was obtained against Welch. (Waples on Attachment, § 546; *Strong* v. *Hollon*, 39 Mich. 411; *Claflin* v. *McDermott*, 12 Fed. 375; *Stove Co.* v. *Shedd*, 82 Iowa 540, 48 N. W. 933; *Henry & Coatsworth Co.* v. *McCurdy*, 36 Neb. 863, 55 N. W. 261; *Farrington* v. *Sexton*, 43 Mich. 454, 5 N. W. 654.)

A case very much in point is *McKernan* v. *Robinson*, 84 N. Y. 105. It was provided by the revised statutes of New York that, after a bill filed to foreclose a mortgage, no proceeding whatever should be had at law to recover the debt secured by the mortgage, unless authorized by the court. The court in that case held that the action, in the absence of such authority, could not be maintained, but the court did not hold that the leave to sue was a part of the cause of action. The court said that the statute was passed to prevent vexatious and oppressive litigation, and that application for leave to sue may be refused, within the reasonable discretion of the court, but the court said: "Where leave to sue in such a case is given, the cause of action is the contract or obligation of the party. The permission of the court simply removes an obstruction against the enforcement by suit. If the action has been commenced without previous authority, the fact may be pleaded, and the plea would be in the nature of a plea in abatement to the action. If the plaintiff is defeated upon this ground, he may afterwards apply to the court for leave to sue, and, if granted, he may commence a new action for the same cause. If the plaintiff has commenced his action without leave, there would seem to be no valid reason why the court, instead of putting the plaint-

iff to the necessity of discontinuing, may not, in a proper case, manifest its consent to the prosecution of the action by a retroactive order, to take effect as of a time anterior to its commencement. The defendant is thereby deprived of no substantial defense.''

We are of opinion that the New York case states the principle correctly, and that the permission of the court to sue, or, in the case at bar, the order made to bring the action, is simply a provision to keep certain actions within the control of the court, and that, therefore, the permission or the order is not a part of the cause of action.

We are therefore of opinion that the complaint set out a cause of action, and, having determined that the answer set up no defense, the judgment on the pleadings will be therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.      HUNT, J., disqualified.