# Wytheville.

MACK MANUFACTURING CO. V. SMOOT & CO. AND OTHERS.

JUNE 16, 1904.

1. EQUITABLE ASSIGNMENT—*Order of City Contractor on City Engineer— Notice—Execution.*—A written order from a city contractor addressed to the city engineer, who has supervision of the work, and upon whose certificate all payments are to be made, requesting him to pay to a third person the amount due to the contractor from time to time, as payments become due, is a valid equitable assignment of the amount due or to become due from the city to the contractor, and, being for value, takes priority over subsequent executions against the contractor. In the case at bar the assignment was for value, the city engineer said that he accepted the order, and several payments were made to the assignee by the city officers charged with disbursing the money. The city officers had full notice of the assigment (even if such notice were necessary) and acted on it. The creditor's writ of *fieri facias* was subsequent to the assignment. Under these circumstances, it was held that the assignee was entitled to the fund.

Error to a judgment of the Circuit Court of the city of Alexandria, upon garnishments sued out by defendants in error against the city of Alexandria.

*Reversed.*

The opinion states the case.

*C. C. Carlin* and *Samuel G. Brent,* for the plaintiff in error.

*J. K. M. Norton* and *E. B. Taylor,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

By an ordinance of the City Council of Alexandria, it was provided that certain portions of King street should be graded, paved, and curbed, under the supervision of the city engineer, in a good and substantial manner, using for the pavement vitrified brick, and certain portions of the cost thereof were to be paid by the city of Alexandria and the residue by the W., Alex. & Mt. Ver. Ry. Co. and abutting property holders. To meet the cost of this improvement chargeable upon the city's treasury, the sum of $24,000 was appropriated by the ordinance, to be paid out as the work progressed, and pursuant to the ordinance a contract was entered into on behalf of the city with Charles M. Cuvillier, contracting under the style and firm name of Cuvillier & Co., whereby the latter undertook to do the work of paving, etc., King street. This contract provided that "all payments under this contract shall be made upon the certificate of the city engineer, countersigned by the Committee on Streets of the City Council, upon the presentation of which to the auditor he shall draw his warrant upon the treasurer for the sum so certified to be due, payable out of the funds of the city treasury available for paving and curbing King street, under the ordinance passed May 27, 1902, and approved by the Mayor May 29, 1902." These certificates were to be issued by E. C. Dunn, city engineer, upon estimates made by him about the first of each month during the progress of the work, and to be made of the amount of work then done, and of the relative value thereof at the prices named in the contract. In order to carry out this contract, Cuvillier & Co. purchased from the Mack Manufacturing Company the needed vitrified brick, and the Mack Manufacturing Company furnished the brick from time to time as they were called for. On the 15th of October, 1902, Cuvillier & Co. gave to C. H. Yohe, agent for the Mack Manufacturing Company, the following order:

"To E. C. Dunn, Esq., City Engineer:

"Please pay to C. H. Yohe, Agt. for Mack Mfg. Co., amount due us on block laid in street from time to time as said payments may become due.

             (Signed)        "CUVILLIER & CO."

Yohe immediately placed this order in the hands of Dunn, the city engineer, and showed the same to E. S. Leadbeater, chairman of the Committee of Streets of the City Council of Alexandria, which order Dunn accepted, as he testifies, and filed the same in his office. On October 24, 1902, Yohe, as agent as aforesaid, called upon Dunn and received from him an estimate due Cuvillier & Co., amounting to the sum of $1,000, which Yohe took to Cuvillier & Co., and the latter endorsed it payable to C. H. Yohe, agent for the Mack Mfg. Co. Yohe then took the estimate to Leadbeater, chairman of the Committee on Streets, who endorsed the same "Approved," and it was then taken to E. T. Price, auditor of the city, who drew a warrant on the city treasurer for the amount of the estimate, payable to Cuvillier & Co., Price saying to Yohe that he was in the habit of making the warrant payable in this way so as not to confuse his accounts, but if Cuvillier & Co. refused to endorse the same he (Yohe) could bring it back to him, and he (Price) would make it payable to Yohe as agent for the Mack Mfg. Co. Cuvillier & Co. endorsed the warrant and Yohe collected the money due thereon from the city treasury. On December 6, 1902, Yohe obtained from Dunn, the city engineer, a further estimate on the work done by Cuvillier & Co., amounting to $2,700, which he took to Leadbeater, chairman of the Committee on Streets, who approved the same, and, pursuing the same course in collecting this estimate as he had done in collecting the former, Yohe received the amount thereof from the treasury of the city. Cuvillier & Co., having become insolvent, on the 21st day of February, 1903, confessed a judgment in favor of

William A. Smoot & Co. in the clerk's office of the Circuit
Court of the city of Alexandria for the sum of $4,308.82, with
interests and costs, and subsequently confessed judgments in
favor of other parties, including the Mack Mfg. Co. Upon
the judgment in favor of William A. Smoot & Co., a *fieri facias*
was immediately issued, and a suggestion sued out against the
City Council of Alexandria and the W., A. & Mt. Ver. Ry. Co.,
summoning the Council and the Railway Company to appear
before the judge of the Circuit Court of the city on the first day
of the next regular term of the court, to answer the suggestion.
The City Council on the 16th of March, 1903, answered the
summons and subsequently filed a supplementary answer, ad-
mitting that the city was indebted to Cuvillier & Co. for paving,
etc., King street, under the contract above mentioned, and called
attention to the writing given by Cuvillier & Co. on the 15th
day of October, 1902, and further admitted that there was due
and to become due from the city to Cuvillier & Co. a sum con-
siderably in excess of the amount claimed by the Mack Mfg.
Co. upon its order of October 15, 1902, namely, $1,374.37,
and submitted to the court the question whether or not the city
should pay this sum of $1,374.37 to the Mack Mfg. Co., or to
the satisfaction of the *fieri facias* on judgments confessed by
Cuvillier & Co. in favor of William A. Smoot & Co. and others.
The W., A., &c., Ry. Co. also answered, admitting an indebt-
edness to Cuvillier & Co. on his contract for paving King street,
but with this answer we have no concern. Upon the filing of
these answers, an agreement was entered into by all parties to
the several garnishee proceedings heard together, whereby all
matters of law and fact, without the intervention of a jury, were
submitted to the court for its determination as to who was enti-
tled to be paid out of the funds due from the City Council,
and in what order of priority; and the court held *inter alia* that
the lien of the *fi. fa.* sued out by William A. Smoot & Co. had
priority over the claim of the Mack Mfg. Co., by virtue of its

assignment of October 15, 1902, prior in date to the *fi. fa.* in favor of W. A. Smoot & Co.

This judgment was suspended to the extent of $1,500 for sixty days, to enable the Mack Mfg. Co. to apply for a writ of error thereto, and which writ was awarded by one of the judges of this court.

The controversy here, therefore, is between the plaintiff in error, the Mack Mfg. Co., and the defendant in error, William A. Smoot & Co., and the sole question that we deem it necessary to consider is whether or not the order given by Cuvillier & Co. to plaintiff in error, above set out, constituted an assignment *pro tanto*, of the funds due from the city of Alexandria to Cuvillier & Co. as the work done by the latter in paving King street progressed.

As has been remarked, Dunn, the city engineer, testified that he accepted the order, and it was acted upon in disbursing the funds applicable to the cost of paving King street until the garnishee proceedings by the creditors of Cuvillier & Co. were set on foot. Not only was the order acted upon as before stated, but notice of it was unquestionably brought home to every official of the city who had any connection with the execution of the work of paving King street, or the expenditure of the money expressly appropriated by the ordinance of the Council to meet the cost of the improvement, and, while wholly unnecessary to the validity of the order as an assignment of the funds in question, notice of this order was brought home to defendant in error before they obtained the confession of judgment from Cuvillier & Co. The order was regarded, not only by plaintiff in error, but by Cuvillier & Co. and by Dunn, the city engineer, upon whose certificate, approved by the chairman of the Committee on Streets, alone the funds could be withdrawn from the city's treasury, as a valid assignment of the funds, *pro tanto,* to plaintiff in error.

In *Hicks* v. *Roanoke Brick Co.,* 94 Va. 745, 27 S. E. 598,

the opinion by Riely, J., says: "There can be no doubt as to the doctrine that when, for a valuable consideration from the payee, an order is drawn upon a third person and made payable out of a particular fund, then due or to become due from him to the drawer, and is delivered to the payee, it operates as an equitable assignment, *pro tanto,* of the fund, and constitutes a lien upon it in the hands of him who owes the debt, or has possession of the fund out of which the order is made payable." That case is relied on by defendant in error, because the order upon which the payee claimed an equitable assignment of the fund to become due from the city of Roanoke was held not to constitute an equitable lien in favor of payee on the fund; but that decision was based upon the fact that the paper relied on was but "a mere promise or agreement by the drawer of the order to pay, when and as it collected from the city of Roanoke the money the drawer would owe to the contractor, and the conditions upon which the drawer of the order agreed to pay had never been, and never could be, fulfilled."

And in *Clayton* v. *Fawcett,* 2 Leigh, 19, also relied on by defendant in error, the writing in question was held not to constitute an equitable assignment of the fund upon which it was drawn, for the reason that the payment of the amount named was to depend on the drawer being absent. See *Brooks* v. *Hatch,* 6 Leigh, 542.

In *Chesapeake Classified Bld. Asso.* v. *Coleman et als.,* 94 Va. 433, 26 S. E. 843, it was held, "that in order to constitute a valid assignment in equity, all that is necessary is an order from the person to whom the money is due, or coming, on the person in whose hands, or under whose control it may be, to pay to the payee, and where the drawee had notice of the order and thereafter paid the money to the drawer, the drawee was liable to the payee for the amount thereof." In that case the contractor gave an order on the Building Association in the following words: "Pay to Coleman & Sams, Trustees, for Balance

and Jones, five hundred and thirty-nine 53/100 dollars, and charge same to balance due me on A. M. E. Church." Notice of this order was given to the secretary of the association, and the association was informed of the order by letter from the payees of the same date as the order, and the letter was received by the association and read in a meeting of the Board of Directors. Afterwards the association, in disregard of the order, paid the money to the drawer thereof, and this payment was regarded not to be a valid payment, and the association was required to pay again the amount of the order to the payees named therein. See also *Didier* v. *Patterson,* 93 Va. 534, 25 S. E. 661; Pom. Eq. Jur., sec. 1283; *Bank* v. *Barnes,* 18 Mont. 333, 45 Pac. 219, 47 L. R. A. 737, 56 Am. St. 586; *Philadelphia* v. *Lockhart,* 73 Pa. St. 211; 2 Shinn on Attach. secs. 537, 540; *Dickerson* v. *City of Spokane* (Wash.), 66 Pac. 381; 8 Amer. & Eng. Decs. in Eq., 31; *Walton* v. *Horkan,* 112 Ga. 814, 38 S. E. 105, 81 Am. St. 77; *Conway* v. *Cutting,* 51 N. H. 407; *Garland* v. *Moore,* 40 N. J. Eq. 106; 2 Atl. 269.

In 2 Shinn on Attachments, *supra,* it is said: "Choses in action, other than negotiable instruments, which without fraud have been equitably assigned, are no longer the property of the assignor, and therefore, cannot be garnisheed at suit of assignor's creditors, and the fact that the assignee cannot, in many States, maintain an action at law, but must sue in the name of the assignor, does not affect the rule; the garnishing creditor can stand on no better footing than his debtor, and the assignor has lost control over it.

"When a debt, fund, or property, has been assigned for a good and valuable consideration, and notice has been given to the debtor of that fact, the same is beyond the reach of the assignor's creditors by process of garnishment, no matter in what way the debtor was informed of the assignment. It is sufficient that he know that his creditor is divested of all his rights to the debt assigned."

In *Dickerson* v. *City of Spokane, supra,* an order addressed to the comptroller of the city directed payment to the payee of the order a sum of money out of any moneys belonging to the drawer that might thereafter become due him from the city, "on the water-works contract," which order was filed with the comptroller of the city, and it was held to constitute an equitable assignment of so much of the moneys owing to the contractor as would equal the amount of the order.

In *Bank* v. *Barnes, supra,* a contractor gave an order on a mining company to deliver to the payee named in the order a check to become due to the drawer, and the payee, the Merchants, &c., Bank, immediately presented the order to the mining company for acceptance, but it was not accepted at that time, as there was no money yet due the drawer. Afterwards the mining company, in disregard of the order, paid the money due to the drawer thereof to a garnishing creditor, and it was held that the order constituted a valid assignment of the fund, and that the payment made by the mining company did not discharge its liability to the payee of the order.

To the same effect is *Philadelphia* v. *Lockhart, supra,* where the order was addressed to the Board of School Controllers and drawn by a contractor, for the building of a school-house in the city of Philadelphia. Notice of the order was given to the school controllers, and it was held a sufficient notice to the city of the rights of the payee in the order.

In the case at bar the City Council of Alexandria, under its contract with Cuvillier & Co., required Dunn, its engineer, to take charge of the work of paving King street, and upon his certificate all payments were to be made on account of the work. This constituted Dunn the agent of the city, and, as was said in the opinion in *Philadelphia* v. *Lockhart, supra,* notice to an agent, bound, in the discharge of his duty, to act upon it and communicate it to his principal, is notice to the principal.

No question was raised by the city or any one else as to the

right of plaintiff in error, by virtue of the order of October
15, 1902, to be paid for the brick it furnished for paving King
street out of the money to become due from the city to Cuvillier
& Co., as the work progressed, until the insolvency of the latter,
and whether the office of city engineer was created by the
charter of the city or by an ordinance of its Council does not
alter the case, and if it were conceded that notice to the city
was necessary in order to make the order in question a valid
assignment in favor of the plaintiff in error, notice to Dunn,
the engineer, was all sufficient.   The Council of the city of
Alexandria, as stake-holder, has in its hands a fund that one
of two parties is entitled to, and it is immaterial what notice
the city had of the order in question.   Our statute—section
3601 of the Code—expressly excepts from the lien of a writ of
*fi. fa.* any estate of the debtor which has been assigned for a
valuable consideration, unless the assignee had notice of the
*fi. fa.* at the time of the assignment, and it is not questioned
here that the order held by plaintiff in error prior to date to the
*fi. fa.* of defendant in error was given for a valuable considera-
tion.

It follows that we are of opinion that the judgment of the
Circuit Court is erroneous and should be reversed and annulled;
and this court will enter such judgment as the Circuit Court
should have entered, namely, that plaintiff in error recover of
the city of Alexandria the sum of $1,374.37, with interest from
the 21st day of February, 1903, till paid, and also do recover of
the defendant in error the costs incurred by plaintiff in error
in this court and in the Circuit Court.

*Reversed.*