# Staunton

## COUNTY SCHOOL BOARD OF CARROLL COUNTY v. FIRST NATIONAL BANK OF WYTHEVILLE, VIRGINIA, AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

W. B. *Kegley*, W. P. *Parsons* and L. E. *Lindsay*, for the appellant.

*Stuart B. Campbell, George P. Young, R. E. Booker, R. L. Savage* and *Dalton & Jordan*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Wythe county, in a chancery cause wherein appellees were complainants and appellant was respondent.

The decree complained of is as follows:

"This cause came on this day to be again heard upon the papers formerly read, the depositions of sundry witnesses and exhibits filed therewith, the supplemental answer of the defendant, county school board of Carroll county, the arguments of counsel:

"And the court not having been advised of its opinion, and having taken time to consider, and now having become advised of its opinion doth adjudge, order and decree, for reasons set out in writing and made a part of the record in this cause:

"First: That the First National Bank of Wytheville do recover from the county school board of Carroll county the sum of $4,000 with interest on $2,000, part thereof, from January 22, 1930, and on $2,000, part thereof, from February 22, 1930, together with its costs in this behalf expended, subject, however, to a credit of $85 as of the 24th day of February, 1931.

"Second: That the United States Fidelity and Guaranty Company do recover from the county school board of Carroll county the sum of $4,000, with interest from December 1, 1931, that being the amount now in the

hands of the County school board of Carroll county and unpaid on the contract for the Sylvatus high school.

"It appearing that the First National Bank of Wytheville has recovered judgment against Morris C. Miller and Son for the sum of $4,000, with interest, and costs, it is further adjudged, ordered and decreed that if and when the county school board of Carroll county shall pay off and discharge the amount of the judgment herein rendered that it shall be subrogated thereby to the extent of its payments to all rights which the First National Bank of Wytheville may have on account of the judgment aforesaid in its favor against Morris C. Miller and Son."

The opinion of the chancellor, Honorable Horace Sutherland, sufficiently states the issues and the reasons for the entry of the decree. We concur in the conclusions reached by the chancellor. The opinion is as follows:

"On the 12th day of September, 1929, Morris C. Miller & Son, contractors, entered into a contract with the Carroll county school board whereby they were to erect a school building at Sylvatus, Carroll county, Virginia, for the consideration of twenty-seven thousand, seven hundred ($27,762) sixty-two dollars.

"On the 16th day of September, 1929, the United States Fidelity and Guaranty Company became surety on the bond of Morris C. Miller & Son, and under agreement between the surety company and Morris C. Miller & Son, there was an indemnity agreement.

"Morris C. Miller & Son did not have sufficient funds to carry on the construction of the school building in question, and applied to the First National Bank of Wytheville for a loan of ten thousand ($10,000) dollars, telling the bank that the partnership had the contract, above mentioned, but the bank declined to make the loan unless Morris C. Miller & Son could secure an accepted order from the Carroll county school board promising to pay the First National Bank of Wytheville, the amount of the loan.

"On the 21st day of September, 1929, Morris C. Miller

& Son executed an assignment on the school board of Carroll county for the sum of ten thousand ($10,000) dollars, to secure the First National Bank the payment of five notes of two thousand ($2,000) dollars each, one note maturing every thirty days. This assignment was apparently accepted by the school board and the assignment together with the purported acceptance were presented by Miller & Son to the bank and upon the credit of same the bank discounted for Miller & Son the five notes above mentioned. The assignment and purported acceptance are as follows:

" 'Know All Men By These Presents, That we, Morris C. Miller & Son, do hereby transfer and assign unto the First National Bank, Wytheville, Virginia, the sum of $10,000 of the amount due and to become due to us from the county school board of Carroll county, by reason of the construction of a school house at Sylvatus, under the terms of a contract dated 12th day of September, 1929. This assignment is to secure unto said bank five notes of even date herewith each for the sum of $2,000 and due thirty, sixty, ninety, one hundred twenty and one hundred fifty days after date, and all made by Morris C. Miller & Son.

" 'Dated at Wytheville, Virginia, this 21st day of September, 1929.

" '(Signed)   Morris C. Miller & Son,<br>
" 'By Morris C. Miller.

" 'Virginia:
" 'County of Carroll:

" 'We, the undersigned county school board of Carroll county, do hereby accept the foregoing assignment in favor of the First National Bank, of Wytheville, Virginia, and do agree to pay unto said bank the sum of $10,000 out of the contract price for the building of a school house at Sylvatus as set out in the contract, dated 12th day of September, 1929. It is understood that payments on the above amount are to be made out of the funds due to

Morris C. Miller & Son under article four of the contract of September 12, 1929, and are not to exceed the amount due to them under said contract.

" 'In witness whereof the school board has hereunto caused its name to be signed by its chairman, attested by its clerk, this 21st day of September, 1929.

" 'HAROLD PORTER,
" '*Chairman.*

" 'L. E. LINDSEY, *Clerk.'*

"On the 31st day of March, 1930, Miller & Son gave notice to the school board of Carroll county of their inability to complete the contract, whereupon United States Fidelity and Guaranty Company took over the contract and completed the same, according to the terms and conditions thereof, at a loss of approximately fifteen thousand ($15,-000) dollars.

"On or about October 18, 1929, the work on said school building had proceeded and the first estimate due Morris C. Miller & Son for work under said contract on basis of eighty-five per cent, amounted to $7,559.05, which sum was paid directly to Morris C. Miller & Son, and was deposited by Morris C. Miller in the First National Bank, Wytheville, and credit given him therefor. Out of this sum Miller paid the first of the five notes for $2,000, which was due on October 21st. The second estimate of November 14, 1929, was $4,403, and was paid directly to Morris C. Miller & Son by the school board and deposited by him in the Farmers Bank of Southwest Virginia. Nothing was paid out of this sum on the notes secured by the assignment. The third estimate of $4,394.50 was paid by check to Morris C. Miller, on December 27, 1929, which check was deposited to the credit of Miller in the First National Bank out of which a note for $2,000, which was due in November, was paid, and the remainder held subject to check of Morris C. Miller. It appears from the record at this time the December note was also due but was not paid nor was payment demanded. The estimate for January, 1930, was $2,150, which was paid by warrant issued to First

National Bank, Wytheville, delivered to Morris C. Miller and by him delivered to First National Bank, out of which the December note with some interest was paid, and the balance handed to Miller. It appears from the record that at the time of this payment the January note of $2,000 was also due and was not paid nor was payment demanded.

"No further payments were made to either the bank or Morris C. Miller & Son due to the fact that he became insolvent and was unable to complete his contract. This suit is instituted by the bank for the purpose of collecting from the school board the balance due on said notes by reason of the assignment and the acceptance thereof, and against L. E. Lindsey and Harold Porter personally. The United States Fidelity and Guaranty Company came in by petition and claim the right to the funds now in the hands of the Carroll county school board amounting to around $4,000, due Morris C. Miller & Son on the contract aforesaid, and also claim the $6,000 which had been paid to the First National Bank of Wytheville. This claim is asserted by reason of the indemnity clause contained in the contract with Morris C. Miller & Son, when the surety company became surety on his bond.

"The school board defends on the ground that the assignment was not the act of the school board and because the acceptance was not for the benefit of the school board. Lindsey and Porter defend on the ground that they were not acting in their individual capacity in accepting the assignment, and, therefore they are not liable personally. All of the defendants seek to avoid liability on the theory of estoppel, claiming that enough money passed through the hands of the bank to have discharged the entire indebtedness of $10,000.

"In so far as the claim of United States Fidelity and Guaranty Company is concerned the court is of opinion that this company is entitled to the funds now in the hands of the Carroll county school board, which as disclosed from the record, is around $4,000, but I cannot

agree with the contention of counsel for surety company that they are entitled to the $6,000 paid to the First National Bank of Wytheville due to the fact that this money was paid to Morris C. Miller & Son by the school board for work and material on the building in question, and by him applied to the discharge of his indebtedness to the bank, which indebtedness was made for the purpose of erecting the school building in question. The surety company is entitled to the funds now in the hands of the school board and no more.

"The record discloses that Morris C. Miller told individual members of the school board at the time the contract for the erection of the school building was entered into, that he was not in a financial condition to carry on the erection of the building and would have to have some kind of a written instrument which would enable him to borrow the money for the purpose of carrying on the construction of the building. Mr. Harold Porter, chairman of the school board, testifies to this fact as does J. Lee Cox, superintendent of schools of Carroll county, and Mr. L. E. Lindsey, clerk of the school board, virtually testifies to the same thing. Mr. Miller testifies he took the assignment, when written, together with the acceptance thereof, to L. E. Lindsey and Harold Porter and told them what it was. Mr. Porter corroborates Mr. Miller in this statement, and Mr. Lindsey says he does not know what the paper was although he signed it as clerk of the school board, along with Mr. Porter, chairman of the school board. The acceptance was in legal form and was all the bank could have required, and of course constitutes an apparent subsisting legal instrument.

"It is contended on behalf of the school board that it is not bound by the acceptance because not made by the board in meeting and cannot be held for the action of the chairman or any member of the board unless such action had been previously legally authorized, or is subsequently lawfully ratified. The court takes this defense to be well taken in connection with a legal assignment

and acceptance. *County of Campbell* v. *Howard & Lee*, 133 Va. 19, 112 S. E. 876; *Lynchburg* v. *Amherst County*, 115 Va. 600, 80 S. E. 117; *Manly Mfg. Co.* v. *Broaddus*, 94 Va. 547, 552, 27 S. E. 438; *Tutt* v. *Lewis*, 3 Call (7 Va.) 233; *Syme* v. *Butler*, 1 Call (5 Va.) 105. A defense is made against personal liability of Lindsey and Porter which the court will not discuss due to the fact that the decision in this case is based on other phases of the case.

"While, as above stated, the court is of the opinion that the school board is not bound by the acceptance of the assignment in question as a legal assignment and acceptance, yet the court is of the opinion that the record discloses a valid equitable assignment and binds the school board as such unless the bank is estopped by its conduct to assert its claim against the school board. This question of estoppel has given the court quite a great deal of trouble and will be discussed later.

"In the case of *Mack Manufacturing Company* v. *Smoot & Company*, 102 Va. 724, 47 S. E. 859, the court says: 'In order to constitute a valid assignment in equity all that is necessary is an order from the person to whom the money is due or coming from, on the person in whose hands or hand or under whose control it may be, to pay to the payee. And where the drawee had notice of the order and thereafter paid the money to the drawer, the drawee was liable to the payee for the amount thereof.' See also *Stebbins* v. *Bruce*, 80 Va. 389; *Shenandoah Val. R. Co.* v. *Miller*, 80 Va. 821; *Switzer* v. *Nofftsinger*, 82 Va. 518; *Watson* v. *Brunner*, 128 Va. 600, 105 S. E. 97; *Brooks* v. *Hatch*, 6 Leigh (33 Va.) 534. The assignment in this case and the acceptance thereof are full and complete on their face and apparently constitute a subsisting legal instrument. The assignment speaks for itself. The acceptance thereof by the chairman and clerk of the school board would certainly constitute notice. Lindsey and Porter are the officers on whom process or notice is required by law to be executed, it would seem, therefore, there can be no question as to the fact that the school

board had notice of the assignment and regardless of whether there has been sufficient consent or acceptance of the assignment by the school board to support an action at law against it by the assignee, that what has been done in this case constitutes a valid and enforceable equitable assignment.

"The remaining question is, is the First National Bank of Wytheville estopped to set up its claim against Carroll county school board. The school board claims that the bank is estopped to demand payment of the unpaid notes from the defendant, the school board, because first, the bank has had in its hands and allowed to pass through its hands more than sufficient of the funds arising from this contract to satisfy the unpaid notes.

"Second, the bank has, without claim or demand, without protest, and with full knowledge, unless it be with reference to the November warrant, permitted Morris C. Miller to receive from the school board (and the December warrant was in fact delivered to Morris C. Miller by the bank) the full amount of eighty-five per cent payable under the terms of the building contract; and that its course of dealing with Morris C. Miller estopped it from setting up its claim against the school board.

"As above stated this question of estoppel has given the court a great deal of trouble but upon thorough investigation of the authorities cited and other authorities read by the court on the question of estoppel, I have reached the conclusion that the doctrine of estoppel is not applicable in this case due to the fact that the record does not show that the school board in any way relied upon the conduct of the bank.

"In the case of *American Mutual Liability Insurance Company* v. *Hamilton,* 145 Va. 391, 135 S. E. 21, p. 25, the court there citing an opinion by Judge Keith in the case of *C. & O. R. Co.* v. *Walker,* 100 Va. p. 91, 40 S. E. 633, says:

" 'The general rule of equitable estoppel, or as it

is frequently called, estoppel *in pais,* is that when one person, by his statements, conduct, action, behavior, concealment or even silence, has induced another, who has a right to rely upon those statements, etc., and who does rely upon them in good faith to believe in the existence of the state of facts with which they are compatible, and act upon that belief, the former will not be allowed to assert, as against the latter, the existence of a different state of facts from that indicated by his statements or conduct, if the latter has so far changed his position that he would be injured thereby.' 4 Amer. & Eng. Decs. in Eq. 258.

■ "In order to constitute an estoppel:

"1. There must have been a representation or concealment of material facts. 2. The representation or concealment must have been with knowledge of the true state of facts, unless the party making it was bound to know the facts, or his ignorance of them was due to gross negligence. 3. The party to whom it was made must have been ignorant of the truth of the matter as to which representation was made. 4. It must have been made with the intention that the other party should act on it; but the place of intent will be supplied by gross and culpable negligence of the party sought to be estopped, if the effect of that negligence is to work a fraud on the party setting up the estoppel. 5. The representation or concealment must be proved to have been the inducement to the action of the other party. 6. The party claiming the estoppel must have been misled to his injury. 4 Amer. & Eng. Decs. in Equity, 268.

■ "It may be stated, as a general rule, that the representation or concealment relied on to sustain an estoppel must have been made with full knowledge of the facts by the party to be estopped, unless his ignorance was the result of gross negligence or otherwise involves gross culpability, as where he is consciously ignorant of the facts at the very time of professing full knowledge of them.

■ "The court has thoroughly examined the record in

this case and does not find one syllable of evidence to the effect that the school board in good faith relied on the action of the bank in accepting payments made by the school board directly to Miller, and not taking out of said payments the amount due the bank but on the other hand the record shows that after there could be no question of the fact that the school board had knowledge of the assignment and acceptance, they paid directly to the bank one payment and on February 5, 1930, the letter of the clerk of the school board to the First National Bank shows they knew of the assignment and acceptance and wanted to find out the status of Miller's account at the bank and whether or not the school board would be called upon for further payments. A decree may go down in this case in conformity with the above opinion."

*Affirmed.*

EPES and HUDGINS, JJ., concurring in part:

We concur in the opinion of the court, except as to the $4,000 which it holds to be due to the First National Bank of Wytheville. As to this we think the record shows a waiver by the bank of its right to demand the payment of this amount from the school board.