**STANDARD ACC. INS. CO. OF DETROIT, MICH., v. FEDERAL NAT. BANK OF SHAWNEE, OKL.**

No. 2004.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1940.

For former opinion, see 112 F.2d 692.

Clyde J. Watts, of Oklahoma City, Okl. (Jarman, Brown, Looney & Watts and Ned Looney, all of Oklahoma City, Okl., on the brief), for appellant.

Mark Goode, of Shawnee, Okl. (John L. Goode, of Shawnee, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The assignment involved herein recited that Joyce & Company[1] did assign and transfer to the Federal National Bank of Shawnee, Oklahoma,[2] "a certain claim heretofore filed and pending for payment with the Oklahoma State Highway Commission,[3] being Claim No. 1." William J. Browne, chief of accounts, made the following endorsement on the claim:

"This is to certify that the above described claim has been audited, approved and allowed by the Oklahoma State Highway Commission. Warrant, when payable, will be issued direct to Assignee."

We granted a rehearing limited to the question of whether such endorsement constituted an acceptance by the Commission, and if so, the legal effect thereof.

The Oklahoma State Department of Highways was created by ch. 12, § 1, O.S.L. 1933, O.S. 1934 Supp., § 10072a, 69 Okl.St. Ann. § 21. Its powers and duties are defined by § 6 of that act. O.S.1934 Supp., § 10072f, 69 Okl.St.Ann. § 26. It is empowered to contract for the construction or improvement of state highways. It is not expressly empowered to accept assignments of claims.

Sec. 2, ch. 167, O.S.L.1933, O.S. 1934 Supp., § 10124b, 69 Okl.St.Ann. § 93 note, provides that the state highway construction and maintenance fund shall be disbursed and paid out of the state treasury upon warrants drawn and approved by the state auditor upon verified claims audited and approved by the Commission. The endorsement merely recited that the Commission had audited and approved the claim, in

---

[1] Hereinafter referred to as Joyce.
[2] Hereinafter referred to as the Bank.
[3] Hereinafter referred to as the Commission.

accordance with the provisions of § 10124b, supra. That action was a prerequisite to the payment of the claim by the state auditor. The endorsement contained no language, directly or impliedly, accepting the assignment or agreeing to make payment of the claim to the Bank. It does not indicate that the Commission in any wise dealt with or considered the assignment, but indicates only that it performed its statutory duty with respect to the claim. Should the recited action of the Commission be construed as an acceptance, then an independent contract arose between the Commission and the Bank obligating the state to pay the claim to the Bank and cutting off any defense which the Commission might have against Joyce.[4] We think the Commission should not be held to have made such a contract and so waived its defenses, in the absence of a clear showing of such intent on its part.

The further language of the endorsement that the warrant, when payable, would be issued to the assignee purports to be the act of the chief of accounts and not the act of the Commission. Clearly, the chief of accounts had no authority to make a contract. He could not act for the Commission. School Board of Carroll County v. First National Bank of Wytheville, 161 Va. 127, 170 S.E. 625.

It follows that the endorsement on the assignment did not constitute an acceptance and amounted to no more than an acknowledgment of notice of the assignment.

We adhere to the conclusion reached in our former opinion.

---

[4] Williston on Contracts, Rev.Ed., Vol. 2, § 426.