## CIRCUIT COURT OF FAIRFAX COUNTY

Calvin Larson

v.

Acacia Federal Savings Bank

November 18, 1992

Case No. (Law) 115146

BY JUDGE ROSEMARIE ANNUNZIATA

This case is before the Court on defendant's Motion for Summary Judgment. The facts of this case are as follows. Harriet C. Kipps obtained a Certificate of Deposit dated July 1, 1991, from the defendant, Acacia Federal Savings Bank. The Certificate of Deposit agreement contained a clause requiring the prior written consent of the obligor to any assignment of the Certificate of Deposit. By letter dated October 2, 1991, Mrs. Kipps assigned the excess amount of the certificate of deposit to the plaintiff, Mr. Larson. This letter was forwarded to Mr. Gary Dabrow, associate counsel for Acacia. The Certificate of Deposit, however, was not presented to associate counsel. By subsequent letter dated October 24, 1991, which was also forwarded to associate counsel for Acacia, Mrs. Kipps revoked the prior assignment. Defendant thereafter paid Kipps the sum requested by her pursuant to the revocation. These facts are uncontroverted. The plaintiff alleges further, however, that in the interim, associate counsel for Acacia made oral representations to the plaintiff that Acacia would honor the assignment. On that ground, plaintiff seeks payment from defendant based on the assignment. Defendant contends that the assignment was invalid, as the defendant did not consent to the assignment in writing and further denies that it accepted the assignment or waived the condition of its written consent. For the reasons stated below, the Motion for Summary Judgment is denied as there are material facts in dispute. *Chesterfield v. Southeastern Associates, Inc.*, 228 Va. 175, 181 (1984).

Assignments are transfers between an assignor and assignee whereby an assignor "dispossess[es] himself of an identified interest, or some part thereof." *Kelly Health Care v. Prudential*, 226 Va. 376, 379 (1983). There must be a present intent by the assignor upon the transfer of the interest to "vest indefeasible title" of the interest in the assignee. *Id.*; *see also, Nusbaum and Co. v. Atlantic Realty*, 206 Va. 673, 681 (1966). No right of revocation remains when an assignment is validly made. *Id.* Furthermore, while there exists statutory law prohibiting an obligor from requiring his written consent for the assignment of certain types of interests, namely accounts receivables and general intangibles, certificates of deposit and all other negotiable and non-negotiable instruments are not within the ambit of this statute. Va. Code § 8.9–318. Certificates of deposits are thus freely assignable.

However, assignments are akin to contracts and "must comply with the fundamental requisites which are applicable to contracts generally." *In re Virginia Block Co.*, 8 B.R. 616, 618 (W.D. Va. 1981). According to the principal of *nemo dat*, assignors cannot transfer rights which they do not own and the assignee takes the interest subject to all prior equities between the previous parties, *see, Selden v. Williams*, 108 Va. 542, 550 (1908), and subject to all defenses held by the obligor against the assignor. *Hartford Fire Ins. Co. v. Mutual Savings and Loan Co.*, 193 Va. 269, 277 (1952). It follows, then, that where a contract which establishes a right also restricts the method by which it may be assigned, only assignments made in accordance with the contract will be valid. *Smith v. Buege*, 387 S.E.2d 109, 115 (W. Va. 1989); *see also, Logan Planning Mill Co. v. Fidelity and Casualty Co.*, 212 F. Supp. 906, 912 (S.D. W. Va. 1962) (held that failure to comply with requirement that obligor consent to assignments in writing was a defense personal to obligor and could not be addressed if not asserted by obligor). In the present case, the terms of the certificate of Deposit required that assignments were to be executed only upon the written consent of the obligor, Acacia Federal Savings Bank. Absent written consent, the assignment may be deemed to be invalid.

However, although the requisite consent was not obtained here, one who with full knowledge of his contractual rights performs acts inconsistent with those rights is deemed to have waived those rights. *Goldstein v. Old Dominion Peanut Corp.*, 177 Va. 716, 728–29 (1941). When an obligor consents, implicitly or expressly, to an as-

signment which is made contrary to the terms of the underlying contract, an equitable assignment may arise where a legal assignment would fail, *County School Board v. First National Bank*, 161 Va. 127, 135–36 (1933), and the obligor will be estopped from asserting any defense he may have had against the assignor. *Stebbins & Lawson v. Bruce*, 80 Va. 389, 392–93 (1885).

In this case, the facts underlying the claim of waiver are in dispute. These facts are material to the determination of whether defendant is equitably estopped from denying its liability to plaintiff. Therefore, defendant's motion for summary judgment must be denied. *See, Logan Planning Mill Co.* at 912.